[Civil No. 3103.   Filed November 30, 1931.]

[5 Pac. (2d) 779.]

MIKE SAVICH, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA and UNITED VERDE COPPER COMPANY, a Corporation, Respondents.

`Mr. Herman Lewkowitz and Mr. J. B. Zaversack, for Petitioner.

Mr. Terrence A. Carson, for Respondents.

ROSS, J.—While working as a miner in one of the United Verde Copper Company's mines on January 16, 1930, Mike Savich suffered very serious compensable injuries by reason of being struck by falling rock from the ceiling or walls of the mine. In due course he filed his claim with the Industrial Commission for compensation under the Workmen's Compensation Act, chapter 24, article 5, sections 1391–1457, Revised Code of 1928.

On April 17, 1931, the commission in its decision upon rehearing found he had suffered a temporary total disability and awarded him on that account $1,184, and on account of permanent partial disability $73.97 monthly for fifty months, from February 21, 1931. Claimant made a motion for a rehearing on the ground, among others, that the compensation awarded was, under the law and facts, inadequate. This motion being denied, he has brought the case here by *certiorari* for review.

The only question raised that is worthy of consideration is the sufficiency of the award. The petitioner at the time of the injury was forty-one years of age, his occupation that of a miner, his daily wage $5.69, and his average monthly wage $147.94. His injuries were the loss of left eye by enucleation, reduced efficiency of right eye, permanent scar on left cheek, teeth loosened in upper right jaw, nose fractured and depressed, comminuted fracture of tibia and fibula of the right leg, and injuries to right knee and ankle. At the time of the rehearing in April his nose had been repaired by surgery, plastic and otherwise. He had been supplied with an artificial left eye; was able to walk, and had been for some time, although there was some atrophy of the right calf muscles and swelling of ankle and knee joint. It was questionable how soon the leg, ankle, knee and jaw would recover, but all were regarded as tem-

porary injuries. There seemed to be no doubt but that they would improve very much. The tear sac of the right eye had been removed to eliminate infection about that eye and to prevent it from tearing. Its efficiency for reading was about sixty-three per cent. and for long distance about sixty-nine per cent. His general efficiency to do work by reason of the loss of his left eye was estimated by an expert to be reduced about twenty to twenty-five per cent. His employer had offered him light work, but he had refused to accept it claiming he was not able to work. Medical experts who attended him stated that if he would do light work he would improve faster, as the injuries to his right leg, ankle, and knee joint needed exercise.

The petitioner contends that his injuries totally and permanently incapacitate him and that the award should have been sixty-five per cent. of his average monthly wage during his life. In other words, he claims his injuries bring him within the terms of that portion of subdivision (B) of section 1438 reading as follows:

"In cases of total disability adjudged to be permanent, compensation of sixty-five per cent. of the average monthly wage, during the life of the injured person.

"Disability caused by the following specified injuries, in the absence of proof to the contrary, shall be deemed total and permanent: 1. The total and permanent loss of sight of both eyes; 2. the loss by separation of both feet; 3. the loss by separation of both hands; 4. an injury to the spine resulting in permanent and complete paralysis of both legs or both arms, or one leg and one arm; 5. an injury to the skull resulting in incurable imbecility or insanity; 6. the loss by separation of one hand and one foot.

"This enumeration is not exclusive, and in all other cases permanent total disability shall be determined in accordance with the facts."

The petitioner's injuries do not bring him within any of the disabilities enumerated above as total and permanent. His injuries not being among those enumerated as total and permanent, the question is were they of that character. The "enumeration is not exclusive." The lawmakers understood that other injuries, or combination of injuries, might cause total and permanent disability. Whether that is or is not so in individual cases was left to be determined in accordance with the facts of each case. The duty of ascertaining the facts and determining their force and effect is the Industrial Commission's. If upon the facts the commission determines that the employee's injuries are not total and permanent, such determination, unless clearly without support in the evidence, will not be set aside by the court. We will review the evidence to see if it supports the commission's determination, but not with a view of weighing it; that being the function of the commission. This is the rule heretofore declared and we can see no reason for departing from it on the present question. *Johnson* v. *T. B. Stewart Const. Co.*, 37 Ariz. 250, 293 Pac. 20; *Blankenship* v. *Industrial Com.*, 34 Ariz. 2, 267 Pac. 203; *Federal Mut. Liability Ins. Co.* v. *Industrial Com.*, 31 Ariz. 224, 252 Pac. 512.

While it is apparent that petitioner was most seriously injured and that he will suffer therefrom throughout his life, and also that he has been greatly incapacitated to do efficient service and labor, it cannot be said that he is totally and permanently disabled to earn some wages. He has left one eye, not quite as good as before his injury, but good enough to enable him to see reasonably well. The injuries to his leg, knee and ankle have not deprived him of the power of locomotion, but have only impaired it. How long, it is true, is problematical. The injury to his jaw was not permanent.

Petitioner suggests that he is incapacitated from ever following his occupation of miner, and that therefore his disability should be classed as total and permanent. The word "disability," as used in our Compensation Act does not mean disablement to perform the particular work petitioner was doing at the time of his injury, but refers to injuries which result in impairment of earning power generally. *Gordon* v. *Evans et al.,* 1 Cal. Ind. Acc. Com. (part 2), 94. It applies to earning power and not to inability to do a certain class of work. *Shannon* v. *Hercules Powder Co.,* 1 Cal. Ind. Acc. Com. (part 1), 199; Bradbury's Workmen's Compensation Law, 3d ed., p. 819.

If the award for permanent partial disability was not in accordance with the terms of the statute, petitioner has failed to specify in what particular. The law to guide the commission in making allowance for such disabilities is contained in subdivision (C) of section 1438, *supra,* and it would have been an easy matter for petitioner to have made a part of the record the allowance and estimates of the commission on account of permanent partial disability and directed our attention to their inadequacy. He has not done that, and we have no basis upon which to review the award for permanent partial disability even if erroneous.

The award is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.