[Civil No. 4164. Filed January 29, 1940.]

[98 Pac. (2d) 471.]

CHARLES W. CAEKOS, Petitioner, v. STANLEY
FRUIT COMPANY and THE INDUSTRIAL
COMMISSION OF ARIZONA, Respondents.

Mr. V. L. Hash for Petitioner.

Mr. Rouland W. Hill and Mr. Howard A. Twitty,
for Respondents.

LOCKWOOD, J.—Charles W. Caekos, hereinafter called petitioner, was injured by an accident arising out of and in the course of his employment on February 14, 1938. On April 13, 1938, after an examination by various physicians, the Industrial Commission, hereinafter called the commission, found that he suffered temporary disability as a result of the accident, and made an award therefor, which was duly paid. A rehearing was asked for and denied on May 26, 1938, and this ruling was never appealed from. Thereafter, and on February 18, 1939, he filed his petition for a readjustment of his claim. This application was denied on March 13th, but no further action was taken by petitioner on the denial. On May 4, 1939, he filed another petition for readjustment. On July 28, 1939, the commission entered an award finding that the evidence was insufficient to show the petitioner was suffering from any new and theretofore unknown disability arising since the last award made him, and denying him further compensation. A motion to vacate this finding and award was duly made, and was denied on August 11, 1939, whereupon the matter was brought before us in the usual manner.

It is contended by the commission, and admitted by petitioner, that this court may not review the decisions of the commission as to any disability of the petitioner arising out of the accident above referred to before March 13, 1939. We, therefore, consider the only disputed issue in the case, which is whether the award of July 28, 1939, and the order on August 11, 1939, denying the motion to vacate such award, are sustained by the evidence.

It is not disputed that petitioner was injured by a compensable accident in 1938, nor is it disputed that his present physical condition is a bad one. The question is whether his condition as it has existed since

March 13, 1939, is caused by complications arising from the accident, but unknown at the time of the award of March 13th, and which has caused his condition to change for the worse.

It will be seen that two questions are involved, (a) has his condition changed for the worse since March 13, 1939, and (b) if the answer to this question is in the affirmative, was this change caused by complications arising from the accident and unknown at the time of the award of March 13th. *Bates* v. *Linde,* 49 Ariz. 192, 65 Pac. (2d) 655; *Brown* v. *Industrial Com.,* 48 Ariz. 161, 59 Pac. (2d) 323; *Zagar* v. *Industrial Com.,* 40 Ariz. 479, 14 Pac. (2d) 472; *Scott* v. *L. E. Dixon Co.,* 42 Ariz. 525, 27 Pac. (2d) 1109.

■ We have held that unless the result of an accident is one which is clearly apparent to the ordinary layman such as the loss of a limb or a visible external lesion, the question as to the physical condition of a petitioner after an accident and the causal relation of the accident to such condition can usually be answered only by expert medical testimony. *Ison* v. *Western Vegetable Distributors,* 48 Ariz. 104, 59 Pac. (2d) 649.

We must then consider the medical evidence applying to the case. Petitioner was examined by many physicians, and their opinions, based on these examinations and the reports of examinations of other reputable physicians, are in more or less conflict. Among these differing reports covering the many hearings he had, we find an opinion that petitioner is suffering from a disease known as myesthenia gravis and resulting from his accident; another that his condition is caused by psychoneurosis arising out of the accident; a third that it is plain malingering; a fourth that it was produced by hypertrophic arthritis; and a fifth that it is the result of an intragastric malignant tumor. Each of such opinions is supported by reputable medical testimony.

■ When the witnesses as to any issue differ, the triers of fact must select the evidence which they believe in and base their findings upon such evidence, and we will sustain their conclusions if there is any reasonable evidence in the record to support them. We have repeatedly applied this rule to the findings of the Industrial Commission upon conflicting medical testimony. *Isom* v. *Western Vegetable Distributors, supra*; *Blankenship* v. *Industrial Com.*, 34 Ariz. 2, 267 Pac. 203.

■■ In the present case, it was the opinion of the medical advisory board, based upon a physical examination of petitioner which included a number of X-rays, and also on previous reports of other physicians who had examined him, that his physical condition so far as it differed for the worse over that existing on March 13, 1939, was caused by

"lesions and constitutional disease or diseases which are entirely coincidental and not produced by the injury in question."

Petitioner urges that the report of the medical advisory board, upon which the commission evidently acted, is merely hearsay evidence, and, therefore, while admissible, should not be given credence by the commission. If evidence is admissible, we certainly think that fact authorizes the triers of fact to give credence to it in determining the issues of the case. The members of the medical advisory board were either present at the hearing or could have been subpoenaed by petitioner and cross-examined as to the basis of their report. We think this preserves to petitioner all of his rights in the premises.

Since there is evidence in the report supporting the award, and since it does not appear that any error of law was committed in the proceeding, the award is affirmed.

ROSS, C. J., and McALISTER, J., concur.