223 P.2d 929

**LONDON v. INDUSTRIAL COMMISSION et al.**

No. 5335.

Supreme Court of Arizona.

Nov. 14, 1950.

Wade Church, of Phoenix, for petitioner.

Donald J. Morgan and Robert E. Yount, Phoenix, of counsel.

H. S. McCluskey, Phoenix, for respondent Industrial Commission of Arizona.

PHELPS, Justice.

The petitioner, Joe London, was injured on July 6, 1943, by an accident arising out of and in the course of his employment while working for Del E. Webb Construction Company. Petitioner filed a claim with the commission for compensation within a few days thereafter in which he gave the following information concerning the character of the injury sustained as a result of the accident:

"Q. State fully how the accident occurred and describe the nature and extent of injury. A. By turning over caused by loose dirt. Broke left leg."

At the time the accident occurred petitioner was driving a motor driven vehicle known as a buggymobile. Dr. A. M. Tuthill, the attending physician, reported that petitioner suffered a compound comminuted fracture of the tibia and fibula of the left leg and that the wound extended from the knee to the ankle pulverizing the middle third of the tibia. At the request of petitioner an attempt was made to save the leg but being unable to do so, surgery was performed in 1945 amputating the left leg a little below the knee. Complications arose including inflammation of the marrow of the bones where the surgery was performed. Difficulty was also encountered in procuring a prosthesis which would not irritate the stump of the leg and which could

be worn with comfort. This difficulty according to the orthopedists attending petitioner made it necessary to perform further surgery in order to get a proper fitting of the prosthesis.

On February 14, 1946, based upon medical and X-ray reports the commission made its finding and award adjudging petitioner to be entitled to accident benefits and compensation for temporary disability from July 7, 1943 through January 25, 1946 in the sum of $5,046.72, and for permanent partial disability equal to 100% loss by amputation of the left leg entitling petitioner to the sum of $128.70 monthly for a period of 50 months. This latter compensation was converted into a lump sum payment based on its then present value of $6,106.82 payable on March 2, 1946. The petitioner and the employer thereupon filed their separate waivers of right of rehearing and appeal.

Thereafter and on June 23, 1948 petitioner filed with the commission his petition and application for readjustment or reopening of the claim upon the ground of new and additional disability needing further medical treatment. The petition does not disclose the nature of the new and additional disability. On the next day the commission made and filed a new findings and award ordering the case to be reopened on the basis of a new and additional and previously undisclosed disability accruing to petitioner, specifically stating that there was an ulcerated area over the medial aspect and that additional surgery was necessary to determine whether or not there was present bone infection in the stump of the left leg. In said findings and award the commission ordered benefit payments and compensation from June 23rd until further order.

On October 28, 1949, the commission made and filed an amended findings and award in this case in which it found that petitioner was entitled to accident (medical) benefits until October 21, 1949, and to compensation from July 7, 1943 through January 25, 1946 and from June 23, 1948 through October 17, 1949, and awarded petitioner such accident benefits and compensation in the sums of $7,651.12 and $6,106.82 for permanent partial disability, all of which had been paid at that time. The findings and award required anyone aggrieved thereby to file application for rehearing within the time provided by the rules of the commission. A notice of protest and petition and application for rehearing were duly filed, setting up for the first time a claim for compensation for disfigurement of petitioner's face by reason of loss of two front teeth resulting from the accident. (These teeth had been previously replaced without question by an order of the commission.) He also for the first time claimed internal injuries as a result of the accident and that the stump of his leg had not completely healed. On December 19, 1949 the rehearing was denied and the amended findings and award for scheduled

permanent disability was affirmed giving the usual time for persons aggrieved to apply to the supreme court for review. No action was taken by the petitioner to have such findings and award set aside.

On December 23, 1949 however, petitioner did file with the commission his petition and application for readjustment or reopening his claim based upon medical reports to be furnished by Drs. Lytton-Smith and Greer which petitioner alleged in the petition "will show that same condition existed from the time of the last release and so compensation should date back to that time."

The commission thereafter on January 9, 1950, acting upon such application, filed its recommendation that supplemental findings to the findings of December 19, 1949, be filed providing that neither petitioner nor his attending physicians take anything either from the employer or the commission and on January 13th following, such findings and award were made and filed. It is from this that the writ of certiorari issued herein.

 Petitioner has presented several assignments of error, some of which are based upon matters wholly outside and beyond the scope of the issues over which this court has jurisdiction. For example, assignment No. 2 is based upon failure to allow compensation for loss of petitioner's front teeth. If petitioner lost any teeth as a result of the accident he should have incorporated the claim therefor in his original application. The Industrial Commission is a quasi-judicial body and in making its findings and award in compensation cases it is performing a judicial function. Its judgment in such matters is entitled to equal dignity with judgments of the superior court and the same rules apply to it on appeal to this court as apply to superior court judgments. An injured person who presents his claim to the commission for compensation may not split such claim so that he may proceed to judgment on one of his injuries and a year or two later claim additional compensation for another and different injury any more than he could do so in a superior court of the state. Whatever issues were determined or could have been determined in the original findings and award of the commission are res judicata the same as if they had been expressly determined by the original judgment of the commission. Beutler v. Industrial Commission, 67 Ariz. 72, 190 P.2d 918; Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217; Stewart v. Phoenix Nat. Bank, 49 Ariz. 34, 64 P. 2d 101.

 The question raised on assignment No. 3 is likewise res judicata since no attempt was made by the petitioner to have the amended findings and award of October 28, 1949, reviewed by this court which he had the right to do if aggrieved. In failing to do so he foreclosed all avenues of recourse against the commission for any error it then may have committed.

Assignment No. 1 is directed at the action of the commission in denying petitioner's application to readjust or reopen his case. This presents the only issue before us. We presume assignments 3 and 4 refer to the same action of the commission. If not, they are too indefinite to be entitled to consideration by us.

■ Before petitioner was entitled to have his case reopened and relief granted, and indeed, before the commission had authority under the law to grant relief sought, the burden was upon petitioner to establish that he had suffered new, additional and previously undiscovered disability arising out of the accident of July 6, 1943.

■ Petitioner alleges in his application (and this is the only statement we have from him on the matter), not that the disability then claimed was new, additional and previously undiscovered, but that it had existed all of the time from the date of his release. If this allegation is true, under the language of the act itself and under the decisions of this court petitioner was not entitled to have his case reopened and the commission was without authority to grant relief upon it. Edens v. L. E. Dixon Construction Co., 42 Ariz. 519, 27 P.2d 1107; Russell v. Bald Eagle Mining Co., 44 Ariz. 105, 33 P.2d 616; Steward v. Industrial Commission, supra; Zagar v. Industrial Commission, 40 Ariz. 479, 14 P.2d 472. His remedy was by certiorari to this court for a review of the award of the commission terminating compensation to the petitioner.

■ Does the medical evidence aid petitioner in this respect? We have no way of knowing what Dr. Greer thought about petitioner's physical condition. He has not spoken in the matter except through the letter of Dr. Lytton-Smith which is pure hearsay. Dr. Lytton-Smith's letter to the commission bearing date December 27, 1949, therefore was the only evidence before the commission upon which to base its findings and award of January 13, 1950. What does he say? He says that: "Examination of the patient showed that there *possibly was pseudarthrosis present* between the onlaid patella and the shaft of the femur. * * *" (Emphasis supplied.) which means that *possibly* there was a false union of the bones in the area designated. It will be observed that Dr. Lytton-Smith's prognosis doesn't rise even to the dignity of a probability but at most according to his letter the existence of a pseudarthrosis in the area defined is a mere *possibility*. This falls far short of the proof required to justify the commission in reopening and granting relief in this case. Dr. Lytton-Smith is outstanding in his field of practice but former prognoses made by him much more positive in character, were not substantiated by subsequent operations. The history of the case over a period of years in which the record discloses that petitioner repeatedly stated from the beginning that he

never intended to again do heavy work; that his further position, at first was that he didn't know when he would return to light work, if ever; and finally his oft-repeated statement since February, 1949, that he never expected to again do light work, coupled with the fact that the record does not disclose he has ever made application for any kind of work since the accident occurred, when considered together, fully justified the action of the commission in denying the application.

A determination of other legal questions discussed in the briefs are not involved here and will therefore not be considered. We hold that the commission was entirely justified in denying the petition to reopen the case upon the showing made.

Award Affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concurring.