307 P.2d 1042

**J. S. McGILL, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona,**

**and**

**Ernest Mohamed (Mohamed Earthmoving Contractor), Respondents.**

No. 6316.

Supreme Court of Arizona.

March 12, 1957.

Minne & Sorenson and Thomas P. Riordan, Phoenix, for petitioner.

John R. Franks, Phoenix, Donald J. Morgan, Robert K. Park, Phoenix, and James D. Lester, Tucson, of counsel, for respondent Industrial Commission.

PHELPS, Justice.

Petitioner, J. S. McGill, by certiorari, has brought before us for review an award of the Industrial Commission of Arizona deny-

ing him compensation for an alleged back injury. The commission found "That applicant did not sustain personal injury by accident arising out of and in the course of his employment". By appropriate assignment of error the petitioner challenges this finding and award as not being supported by the evidence.

The uncontroverted facts upon which the commission's finding was made may be summarized as follows: The petitioner, a married man fifty-three years of age, was employed by Ernest Mohamed, an earth-moving contractor. The employer was insured under a policy issued by the commission. Petitioner was employed as a dump truck driver and started to work for defendant-employer on Thursday, January 5, 1956. During that afternoon he was directed to report to the Mohamed truck yard in South Phoenix, at 7 a.m. the following morning, so that he could be transported to a pit located in a river bed north of Mesa. About 7:30 the next morning, January 6, 1956, the petitioner, along with a Mr. Harry R. Schneider and a Mr. Eulon S. Gabbard, left the company yard in a dump truck and proceeded to the river pit. They were seated in the bed of the dump truck with their backs as close as they could get toward the front end of the truck in order to avoid the cold wind.

When they reached 48th Street and McDowell Road the truck lurched, causing the bed of the truck to jar and twist petitioner's back causing it to strike the front part of the truck bed. Petitioner then complained about hurting his back. Both Schneider and Gabbard testified that there was a severe lurch and that the petitioner complained of hurting his back at the time of the lurch and that he also complained of his back paining him later in the day during working hours. Petitioner did not mention his alleged injury to the truck driver at that time, nor to his employer during the day although he saw him that evening.

The following Monday, January 9, 1956, the petitioner reported the occurrence to Mrs. Edith Mohamed, employer's bookkeeper, and was directed by her to see Dr. Norman Ross, who first diagnosed the alleged injury and found that petitioner was suffering from a "Right lumbar muscle spasm." Subsequent X-ray examinations indicated a degenerative or hypertrophic condition of the back in the fourth lumbar area. The petitioner was wholly disabled and under the care of Dr. Ross for a period of six weeks.

Other medical evidence relative to petitioner's alleged injury is Dr. John W. Kennedy's X-ray examination report in which it was concluded that:

"There are, then, rather marked evidences of degenerative or hypertrophic changes of the lumbar spine and the fourth lumbar appears to have suffered

an old compression injury. If this does not coincide with the clinical history, then, this fourth one should be re-studied again, perhaps by the plani-graphic method if you believe it might be of recent origin."

The record discloses that the petitioner suffered a back injury in 1943 and that he was incapacitated for about three years. At that time he was injured while carrying a scaffold on a roof when he slipped and jerked his back, and which ultimately resulted in the deformity of the fourth lumbar vertebra.

It is fundamental that in review by certiorari in this type proceeding, this court does not weigh testimony or resolve conflicts therein, it only searches the record to see whether the commission's findings are reasonably supported by the evidence. Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997.

As above stated the evidence discloses that Dr. Ross attended petitioner immediately following his alleged injury and in his report of January 9, 1956, he describes the results of the injury as a "Right lumbar muscle spasm, has the appearance of a sprain though history is of contusion." On January 20, 1956, apparently after reviewing records of petitioner's previous back injury in 1943, he reported:

"Complaint is now over the left lumbosacral region. Mr. McGill has been fitted with a lumbosacral belt and is improving. He is not, as yet, able to return to work."

On January 9, 1956, Dr. John W. Kennedy examined X-rays taken by the Professional X-ray & Clinical Laboratory, and on the following day made the report first above quoted. And on January 24, 1956 made a further report based upon X-rays of petitioner's vertebra following his injury of 1943, comparing such findings with X-rays taken on January 9, 1956, and stated that the examination of 1956 showed a deformity involving the superior surface of the fourth lumbar vertebra which was still present and apparently stabilized. He further stated:

"There is a lot of secondary hypertrophic changes of the other lumbar vertebral bodies especially the second and third and there is a scoliotic curve."

It was his opinion that the X-rays of 1943 showed a recent compression type fracture of the superior surface of the fourth lumbar vertebra which he believed to be secondary to the deformity and not attributable to any infection in the other vertebral bodies.

We interpret the above uncontradicted medical opinion to mean that petitioner on January 6, 1956, had a deformity in the fourth lumbar vertebra as a result of a compression fracture thereof in 1943, and

hypertrophic changes in the second and third lumbar vertebra. The evidence would indicate a vertebra far from normal.

We recognize the fact that petitioner had the burden of proving by a preponderance of the evidence that he suffered an injury on January 6, 1956, by accident arising out of and in the course of his employment. Ratley v. Industrial Commission, supra. That at the time of the alleged injury petitioner was in the employ of Mohamed and that if he was injured it was by accident arising out of and in the course of his employment, cannot be and was not disputed.

The evidence clearly shows that while petitioner and witnesses Schneider and Gabbard were riding in the bottom of the bed of employer's dump truck at his direction, petitioner suffered a severe pain in his back as a result of the truck in which he was riding suddenly lurching and throwing him in a manner that twisted his back and that it continued to pain him throughout the day. Schneider and Gabbard corroborated the fact that the truck struck something which caused a severe jolt to all of them; that they were not injured, but that petitioner complained of pain at the time the accident occurred and later during the day. This evidence was uncontradicted.

We have the following other undisputed facts present in this case: (1) Petitioner, on January 6, 1956, had a defective spine as a result of an injury suffered by him in 1943; (2) after examination of petitioner by Dr. Ross on January 9, 1956, he reported that petitioner was suffering from a "Right lumbar muscle spasm"; (3) the report of Dr. Ross coincides, almost perfectly, with the report of Drs. Snyder, Furth, Palmer and Moore following a consultation held by them on July 27, 1944, relative to petitioner's condition then as a result of the 1943 injury, which report was to the effect that: " * * * On motion tests he (petitioner) bends forward to a very limited extent and with pronounced 'spasm of the right lumbar muscle' "; (4) the fact that petitioner stated that since such injury he had experienced a few discomforts at times with his back over a long period of time, but it had not interfered with his work since 1952 when he "went back into the Teamsters and went to driving steady." (5) There is no evidence, medical or otherwise, that the alleged present injury is a mere recurrence of the original injury.

The commission therefore erred in finding that petitioner did not sustain an injury by accident arising out of and in the course of his employment.

Award set aside.

UDALL, C. J., and WINDES, STRUCKMEYER, and LA PRADE, JJ., concurring.