308 P.2d 937

Edward A. JASTRZEBSKI, Petitioner,

v.

E. J. WASIELEWSKI (E. J. Wasielewski Construction Company), and Carlson-Kraemer General Contractors, Inc., Defendant Employers,

and

The Industrial Commission of Arizona, Defendant Insurance Carrier, Respondents.

No. 6301.

Supreme Court of Arizona.

March 26, 1957.

H. S. McCluskey, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, John R. Franks and Robert K. Park, Phoenix, of counsel, for respondent Industrial Commission.

LA PRADE, Justice.

This is a review by certiorari of the findings and award of the Industrial Com-

mission, denying further benefits on petioner's application for reopening a claim.

Petitioner, on June 10, 1954 and April 25, 1955, respectively, sustained back injuries (sprains) while employed as a construction carpenter. In each instance the injury was found compensable and both accident benefits and compensation for a period of total temporary disability were awarded. The date of the second award was October 6, 1955. In conjunction with each of these awards it was determined that no permanent disability resulted from either injury. Subsequent to the second award the petitioner claimed that he experienced increased difficulty in performing the ordinary tasks peculiar to his trade, due to the condition of his back, which he contends has become substantially worse since the award was made. This condition allegedly became so pronounced that he was forced to give up his employment as a carpenter, at $500 per month, and secure employment as a maintenance man, at $300 per month. Based upon this allegedly worsened condition which he attributes to the prior injuries, and which he contends has resulted in a loss of earning capacity, the petitioner applied to reopen his claim on December 30, 1955. The Commission, after conducting a hearing, found that the petitioner had suffered no new additional or previously undiscovered disability attributable to either injury; that the petitioner's present condition is the result of a degenerative condition which existed prior to the time of the injuries, the aggravation of which had ceased prior to the second award; and, therefore, declined to reopen his claim.

The basic issue presented by this review is whether the Industrial Commission erred in denying petitioner's application to reopen his claim. The code section which is applicable and controlling is section 23–1044, subd. F, A.R.S.1956, which provides:

"For the purposes of subsection C of this section [non-scheduled injuries], the commission shall, not later than nine months from the time the physical condition of the injured employee becomes stationary, determine the amount which represents the reduced monthly earning capacity, and upon such determination make an award of compensation *which shall be subject to change only in the event of a subsequent change in the physical condition of the injured employee resulting from the injury and affecting his earning capacity.*" (Emphasis supplied.)

With respect to non-scheduled injuries it appears that once an award becomes final on a particular claim it can be reopened for readjustment of compensation only if it is shown that (1) there has been a change in physical condition subsequent to the time the prior claim culminated in award, (2) that such change resulted from the injury upon which the prior award was

based, and (3) that it affects the earning capacity of the petitioner. The burden is upon the petitioner to establish each of these elements. Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997; London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929.

The phrase "subsequent change in the physical condition" incorporated into section 23-1044, subd. F, supra, contemplates the same yardstick relative to reopening claims which was set forth by decision of this court prior to enactment of this provision, namely, whether there exists a new and additional disability which was unknown and not considered at the time of the original award; Harambasic v. Barrett & Hilp & Macco Corporation, 58 Ariz. 319, 119 P.2d 932; Edens v. L. E. Dixon Const. Co., 42 Ariz. 519, 27 P.2d 1107; but, the petitioner to be entitled to have his claim reopened is, in addition, under section 23-1044, subd. F, supra, required to show that such change is attributable to the prior injury and that it affects his earning capacity. A condition which has changed for the worse can satisfy the change of physical condition requirement of the statute. Caekos v. Stanley Fruit Co., 55 Ariz. 72, 98 P.2d 471; Doby v. Miami Trust Co., 40 Ariz. 490, 14 P.2d 476.

The petitioner, by means of both lay and expert witnesses, attempted to establish the elements essential to reopening his claim. Dr. A. L. Swenson, who examined the petitioner subsequent to the second award, both reported and testified to the effect that petitioner's condition had become worse since the second award, and that in his opinion this change in condition was in part attributable to the second injury. Dr. G. A. Williamson was of the opinion that petitioner's change in physical condition, reflected by the report and testimony of Dr. Swenson, was attributable to degenerative processes existent prior to the time of either injury. Under "comments" included in the consultation report submitted to the Commission prior to the first award it is noted that

> "There is no indication of any permanent disability resulting from this injury. A recurrence of symptoms in this area might be expected with comparatively minor injuries due to the sclerotic and degenerative changes which are present in this area."

Petitioner contends that the testimony of Dr. Williamson was incompetent for the purpose of determining entitlement to reopen since he had not examined the petitioner subsequent to the last award, October 6, 1955. We concede that the testimony of the witness may have been incompetent on the issue of a subsequent change in physical condition for the reason stated by petitioner, but we find that the opinion of this expert was patently competent in resolving the equally important question of

whether such change in physical condition was attributable to the injuries which formed the basis for the claim sought to be reopened. Dr. Williamson was a member of the consultation boards which examined the petitioner prior to issuance of the awards based upon each of the prior injuries. He was thoroughly familiar with both the degenerative changes apparent in the petitioner's back and with the nature of the injuries sustained by him. He was, therefore, possessed of facts upon which he could base an intelligent opinion as to whether the subsequent manifestations experienced by the petitioner were attributable to the injuries which formed the basis for the prior awards. It was his competent opinion that they were not. The Commission properly considered the testimony of this witness along with other evidence contained in the record in determining whether petitioner's change for the worse was attributable to the prior injuries. It found, upon consideration of the evidence, that they were not, and it was therefore bound to conclude that the statutory elements essential to reopening of the claim were not satisfied. Such determination is within the province of the Commission and not this court. It is too well settled in this jurisdiction to require recitation of authorities that this court will not upset the findings of the Commission where there is a conflict in the competent evidence, upon which it based its findings, which is such that rea-sonable men might differ as to the fact. Such was clearly the situation in the instant case.

Petitioner sets forth several additional assignments in his brief, but in the light of the discussion which precedes we deem them immaterial and therefore decline to consider them.

Award affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concurring.