355 P.2d 966

**PACIFIC MOTOR TRUCKING COMPANY,**
**a corporation, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona**
**and Dale M. Rosene, Respondents.**

**No. 6964.**

Supreme Court of Arizona.

Oct. 13, 1960.

Rehearing Denied Nov. 15, 1960.

Evans, Kitchel & Jenckes and Earl H. Carroll, Phoenix, for petitioner.

James D. Lester, Phoenix, for respondent Industrial Commission, Donald J. Morgan, Frances M. Long, Phoenix, Edward E. Davis, Glendale, C. E. Singer, Jr., Phoenix, of counsel.

LESHER, Justice.

Review by certiorari of an Award of the Industrial Commission, denying petitioner's application to reopen a claim.

On August 25, 1955, Dale Rosene sustained a compensable injury in an accident arising out of and in the course of his em-

ployment with Pacific Motor Trucking Company, hereinafter called petitioner. Subsequently Rosene was examined by a Medical Advisory Board, which determined that he had sustained a 20% partial, general disability. On the basis of these findings and other factors the Industrial Commission made a final award compensating Rosene for 61.76% loss of earning capacity. The Commission retained jurisdiction of the matter to amend the award if Rosene's physical condition should change

On September 2, 1958, petitioner requested that Rosene be ordered to submit to a re-examination by a Doctor T. H. Taber, Jr. This was done and Doctor Taber submitted a report to the Commission indicating that Rosene's condition had improved so that he had no greater than a 10% disability. Petitioner submitted to the Industrial Commission a formal request that the claim be reopened. In January of 1959, Rosene was examined by a medical board composed of Drs. Updegraff, Weber, and Elkins. The board found that his disability had remained at 20%. The Commission thereupon denied the petition to reopen.

Petitioner then submitted a Notice of Protest and a Petition and Application for Rehearing. A hearing was held and testimony was taken from Drs. Updegraff Elkins, Weber, and Taber. Dale Rosene also testified. Dr. Thomas H. Taber testified for the petitioner.

Following the hearing, the Commission entered its order upon rehearing, denying petitioner's application to reopen the claim.

In Jastrzebski v. Wasielewski, 82 Ariz. 92, 308 P.2d 937, we held that Section 23–1044, subdivision F., of the Arizona Revised Statutes, 1956, provides for reopening a claim for adjustment of compensation if it is shown that (1) there has been a change in physical condition subsequent to the time the prior claim culminated in award, (2) such change results from the injury upon which the prior award was based, and (3) it affects the earning capacity of injured employee. The burden is upon the petitioner to establish each of these elements. See also Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997 and London v. Industrial Commission, 71 Ariz. 111, 223 P.2d 929.

Petitioner concedes this to be the rule, and claims to have satisfied its requirements. It relies on the testimony taken at the hearing and the report by Dr. Taber. This Court will not upset the findings of the Commission where there is a conflict in the competent evidence upon which its findings are based, and where reasonable men might reach different conclusions from the facts. Jastrzebski v. Wasielewski, supra. The only issue which we must therefore consider is whether the findings of the Commission are reasonably supported by competent evidence.

The testimony at the hearing, included the following by Dr. Updegraff:

"Q. With reference to the right arm, doctor, if you were to give a functional disability rating with respect to the right arm, what in your opinion would be the extent of that functional disability?

"A. I would estimate twenty per cent.

Again:

"Q. Assuming, doctor, that he had a twenty per cent functional disability ·as determined in 1956, it is correct, isn't it, that his over-all condition has shown an improvement since that date?

"A. Anatomically I don't think he showed enough improvement on orthopedic examination to warrant a change."

Dr. Weber testified that the Medical Board felt the man had suffered an injury of twenty per cent permanent partial functional disability. He testified further that there had been no essential change in Rosene's condition since the original evaluation. In Dr. Weber's opinion, Rosene's disability was as great at the time of the 1959 examination as it was in 1956, there being no measurable change in his over-all physical condition.

Dr. Elkins testified in part as follows:

"Q. I take it, doctor, that your conclusions, at least in January, 1959, would not have been substantially different with respect to your neurological findings than they were at the previous time?

"A. No, they hadn't changed."

The petitioner presented evidence in the form of a written report from Dr. Taber, whose examination of Rosene indicated a ten per cent general functional physical disability. The testimony of Dr. Taber supports his written report, also admitted at the hearing.

" * * * unless the result of an accident is one which is clearly apparent to the ordinary layman, such as the loss of a limb or a visible external lesion, the question as to the physical condition of a petitioner after an accident and the causal relation of the accident to such condition can usually be answered only by expert medical testimony." Caekos v. Stanley Fruit Co., 55 Ariz. 72, 98 P.2d 471, 472; Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649.

In the present case there is conflicting medical testimony as to Rosene's physical condition. In review by certiorari, this Court does not weigh testimony or resolve conflicts therein, but only searches the record to see whether the Commission findings are reasonably supported by the

evidence. McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d 1042; Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997; Parnau v. Industrial Commission of Arizona, 87 Ariz. 361, 351 P.2d 643. All reasonable inferences drawn from the evidence by the triers of fact will be sustained on review. Blasdell v. Industrial Commission, 65 Ariz. 373, 181 P.2d 620.

There is ample evidence here to support the findings of the Industrial Commission. The order is affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concur.