367 P.2d 206

HUGHES AIRCRAFT COMPANY, a corpo-
ration, and Argonaut Insurance Company,
a corporation, Petitioners,

v.

INDUSTRIAL COMMISSION OF ARI-
ZONA, and Jack Cummard, H. R. Larson
and A. R. Kleindienst, members of said
The Industrial Commission of Arizona, Re-
spondents,

Andrew Paton, Respondent Employee.

No. 7230.

Supreme Court of Arizona,

En Banc.

Dec. 13, 1961.

Boyle, Bilby, Thompson & Schoenhair, Tucson, for petitioners.

James D. Lester, Phoenix, for respondents Industrial Commission.

Jose del Castillo, Tucson, for respondent employee.

STRUCKMEYER, Chief Justice.

Andrew Paton, respondent, was injured by accident arising out of and in the course of his employment on June 25th, 1959, suffering a strained knee. The injury seemingly was not considered serious by respondent because he continued to work in his employment although receiving certain medical care consisting of ultrasonic treatments daily at the company dispensary for about a week and thereafter every other day for a period of time. A Workmen's Report of Injury and an Application for Benefits was filed on October 22nd, 1959. In the interim, respondent also received treatment from Dr. Stanley Tanz who diagnosed the injury as anserine bursitis.

On February 9th, 1960, the Industrial Commission entered certain findings and an award which provided as to finding 4: "That applicant has not sustained any permanent physical disability attributable to said accident;" and as to 5, "That applicant is entitled to benefits through December 1, 1959." The Commission by its award ordered:

"That applicant's case be and the same is hereby closed * * *."

The findings and award were routinely predicated upon a Monthly Report of Condition by Dr. Tanz. He stated:

"When last seen 12–1–59 patient was practically asymptomatic. He has not returned."

Thereafter on the 26th day of May, 1960, respondent filed with the Industrial Commission an application to reopen his claim based upon continued pain in his right knee and the additional fact that he had left his employment because of his inability to continue working long hours while standing. On the 20th day of June, 1960, the Commission found that respondent had sustained new, additional or previously undiscovered disability attributable to the injury by the accident of June 25th, 1959, and was entitled to additional benefits and compensation. The award predicated thereon was protested by petitioners. A hearing was held on petitioner's application for rehearing and the findings and award of June 20, 1960, were affirmed on November 20th, 1960. Application for certiorari followed.

It is well established that the findings and award of the Commission will be sustained if supported by any reasonable evidence even though the evidence is in conflict. Cain v. Industrial Commission, 87 Ariz. 40, 347 P.2d 699; McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d

1042. It is also well established that once an award becomes final as to a particular claim it can be only reopened for readjustment of compensation if it has been shown that:

1. There has been a change in physical condition subsequent to the time the prior claim culminated in an award,

2. That such change resulted from the injury upon which the prior award was based and

3. That it affects the earning capacity of the petitioner. Jastrzebski v. Wasielewski, 82 Ariz. 92, 308 P.2d 937. Therefore, to sustain the findings and awards of June 20th, 1960 and November 22nd, 1960, it is only necessary to find credible evidence reasonably tending to support them. Ample evidence exists for that purpose.

We have often held that unless the result of an accident is one which is clearly apparent to the ordinary layman such as the loss of a limb or a visible external lesion the question as to the physical condition of a workman after an accident and the causal relation of the accident to such condition can usually be answered only by expert medical testimony. Caekos v. Stanley Fruit Co., 55 Ariz. 72, 98 P.2d 471; Ison v. Western Vegetable Distributors, 48 Ariz. 104, 59 P.2d 649.

█ ˙ The physical condition .and causal relation of the accident to respondent's condition in support of the Commission's findings and award are to be found in the evidence of Dr. Phillip G. Derickson who, on June 16th, 1960, filed. with the Commission a report which in effect indicated that the respondent was still suffering from anserine bursitis. At the hearing held at the direction of the Commission on September 21st, 1960, Dr. Derickson testified that he had first seen respondent on May 13th, 1960, and numerous times since. He also testified that respondent had anserine bursitis but that in addition respondent had synovitis, an inflammation of the inside of the knee, which varies with the stresses and strains put upon the knee. His evidence further establishes that tenderness along the medial aspect of the joint could be a result of this synovitis. (It is to be noted that Dr. Tanz in his initial report found that ¾ of an inch below the joint line under the medial line of the right leg there was "exquisite tenderness".) Dr. Derickson further gave as his opinion that the anserine bursitis related to the injury resulting from the accident of June 25th, 1959.

We think it sufficient to say that the foregoing summarized testimony of Dr. Derickson is sufficient to justify the findings and an award for new, additional or previously undiscovered disability, under Jastrzebski v. Wasielewski, supra, for as we stated there [82 Ariz. 92, 308 P.2d 939]:

"A condition which has changed for the worse can satisfy the change of

physical condition requirement of the statute." [A.R.S. § 23–1044, subd. F]

Plainly, respondent's physical condition changed for the worse from the time of his last examination by Dr. Tanz in December of 1959 to the time respondent left his employment. The elements necessary to reopen an award having been established by competent evidence; there is no merit to the appeal.

The award is affirmed.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.