392 P.2d 34

Robert E. SNYDER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Page Airways, Inc., Respondents.

No. 7992.

Supreme Court of Arizona, In Division.

May 6, 1964.

Holesapple, Conner, Jones, McFall & Johnson, Tucson, for petitioner.

Edgar M. Delaney, Phoenix, for respondent, Industrial Commission of Arizona; Richard J. Daniels, Robert D. Steckner, and Robert A. Slonaker, Phoenix, of counsel.

LOCKWOOD, Vice Chief Justice:

This is a proceeding to review an award of the Industrial Commission denying compensation. The award denied petitioner compensation for an injury which he claimed arose out of an industrial accident.

On April 27, 1958, petitioner suffered a slipped disc during the course of his employment. He filed his report with the Commission. A laminectomy was performed and he was released. On September 24, 1958, the Commission ordered him to attempt to obtain light work and awarded him compensation on the basis of partial temporary disability until further order. On February 13, 1958, the Commission ordered benefits suspended because petitioner was outside Arizona. On February 2, 1960, the Commission closed the case and denied further compensation. After intermittent employment in Indiana, petitioner was hospitalized and a spinal fusion was performed.

Petitioner returned to Arizona and consulted Drs. Pfeil, McLoone and Edwards in November of 1960. They examined him and determined that the disc removed in Indiana was attributable to the industrial injury of 1958. They further determined that he had a fifteen per cent general physical disability. On December 15, 1960, the Commission entered an order finding petitioner sustained fifteen per cent disability, directing him to obtain work and to file with the Commission a report of his earnings. On March 15, 1961, the Commission found that, although he had a fifteen per cent disability, he was now earning $405 monthly in Indiana, as opposed to $138 at the time of his injury in 1958. The Commission found, therefore, that he had sustained no loss of earning capacity.

Petitioner then suffered a recurrence of back pain and a second spinal fusion was performed on May 24, 1961, in Indiana. The Commission on August 1, 1961, denied liability for this surgery until petitioner returned to Arizona for consultation to determine whether he had suffered additional disability over and above the fifteen per cent. On June 1, 1962, the Commission determined that petitioner had failed to submit any evidence of additional disability and affirmed its previous findings and awards. At the rehearing proceeding on April 5, 1963, the Commission again denied petitioner's claims and this appeal resulted.

The sole question before this Court is the sufficiency of the evidence to sustain the findings of the Commission. When deciding this issue, this Court does not weigh the evidence, but considers it in the light most favorable for sustaining the award. McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d 1042 (1957). The findings of the Commission, if supported by sufficient competent evidence, will not be disturbed. Savich v. Industrial Commission, 39 Ariz. 266, 5 P.2d 779 (1931).

The Commission found that petitioner's average monthly wage at the time of the injury was $138. Petitioner claims this finding is incorrect. To determine petitioner's average monthly wage prior to the injury, the Commission took certain information from a memorandum prepared by a Commission employee in the Claims Department. The explanatory notes of this memorandum indicate the method used to arrive at the figure of $138 as petitioner's average monthly wage. The Commission took the actual wages paid petitioner ($472.-38) and divided that sum by the number of work days during the period of his employment (107) in order to arrive at an average daily wage ($4.41). This was multiplied by the number of days in a month (30.416) in order to get the "average monthly wage" of $134.13. But the Commission explains that the Claims Department felt the petitioner's actual earnings during the thirty-day period prior to his injury ($138) was a better indication of petitioner's earning capacity. So the $138 figure was used.

The Commission concedes that if the petitioner had worked eight hours a day, five days a week, he would have an "average monthly wage" of approximately $360. But the Commission argues that the "Employer's First Report of Injury to Employee" (hereafter referred to as the Injury Report) indicates that the petitioner's "contract for hire was for 2 or 3 days a week." The pertinent part of the Injury Report reads as follows:

"15. Was employee hired for steady employment? Yes. Number of months employment available during year: 12.

"16. Number of days per week company works? 5. Employee worked: x ⅝ x 2."

Since petitioner was injured on May 7, 1958, during that week he had worked two full days. It will be noted that under the answer to item 16 above, the figure "5" was inserted, then x-ed out, and the figure "2" was substituted. It is not clear from the Injury Report whether petitioner had been hired for a five-day week, but only worked two days during the week he was injured, or whether he had been hired for only a two-day week.

## 84

One interpretation is that petitioner had been hired for a two-day week. But this interpretation conflicts with the fact that petitioner was injured on the *third* working day of that week. It also conflicts with the testimony of petitioner at the rehearing on April 5, 1963:

"Q. Now, I note in the file here, your employer, in his report to the Commission where he reported on your earnings stated your compensation for the thirty days immediately preceding the injury were $138. Are you familiar with that situation?

"A. Yes, sir.

"Q. Is that figure correct?

"A. Yes.

"Q. If you were being paid on the hourly basis you state, why was your compensation so low that month?

"A. We were working on Davis-Monthan Base and we had an awful lot of rain. When it rained we couldn't work in the mud, there was times that some of our equipment was covered with mud and we couldn't work. I reported for work every day, by either telephone or by going to work to find out whether we were working that day."

For these reasons, there was insufficient evidence to support the Commission's interpretation that petitioner's "contract for hire was 2 or 3 days a week." This basic ambiguity in the Injury Report was not satisfactorily resolved by the Commission. The award, therefore, is set aside.

STRUCKMEYER and BERNSTEIN, JJ., concur.