392 P.2d 299

Ray McCORMICK, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Yavapai Trenching Company, Respondents.

No. 7745.

Supreme Court of Arizona,

In Division.

May 20, 1964.

James P. Boyle, Jr., Prescott, for petitioner.

Ben P. Marshall, Phoenix, for respondent, The Industrial Commission of Arizona; Donald J. Morgan, C. E. Singer, Jr., Lorin G. Shelley, Robert D. Steckner and Raymond E. Peterson, Phoenix, of counsel.

LOCKWOOD, Vice Chief Justice.

This is a proceeding to review an award of the Industrial Commission denying compensation. The award denied petitioner compensation for an injury which he claimed arose out of an industrial accident.

While lifting a heavy can of water onto a pickup truck during the course of his employment, petitioner sustained an injury on May 15, 1961. This was diagnosed as a myocardial infarction. He was hospitalized and later discharged on June 19, 1961. On May 2, 1962, the Commission received an "Initial Report of Attending Physician" regarding the petitioner. The Commission, on May 24, 1962, found that it lacked jurisdiction in the premises because of the petitioner's failure to file his claim within the statutory period of one year. On June 5, 1962, the Commission received a letter from petitioner's attorney protesting the Commission's action on May 24, 1962, and requesting rehearing forms. A "Workman's Report of Injury and Application for Benefits" and a petition for rehearing were received by the Commission on June 20, 1962. Two hearings were held. On September 10, 1962, the Commission affirmed

its previous action and made the following findings:

"1. Applicant alleges he sustained an injury by accident arising out of and in the course of his employment on May 15, 1961.

"2. That the above-named applicant filed claim for benefits on June 20, 1962 and said claim was not filed within the statutory period of one year from the date of the injury, this Commission, therefore has no jurisdiction in the premises."

Petitioner then appealed to this Court.

The sole question before this Court is: Did the petitioner file his claim for benefits within one year from the date of the injury or within one year from the date the injury became apparent to the petitioner? When deciding this issue, this Court does not weigh the evidence, but considers it in the light most favorable for sustaining the award. McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d 1042 (1957). The findings of the Commission, if supported by sufficient competent evidence, will not be disturbed. Savich v. Industrial Commission, 39 Ariz. 266, 5 P.2d 779 (1931).

Petitioner advances two assignments of error. First, petitioner claims he was unable to file a claim for compensation because of the "negligence and dereliction on the part of the Commission" in not fur-

nishing claim forms to the petitioner. Petitioner attempted to show by his own testimony that, prior to the lapse of one year from the date of his injury, he had twice orally requested "Workmen's Report of Injury" forms from the Commission, but to no avail.

It is well established that an applicant for relief under our workmen's compensation law has the burden of establishing the requisite jurisdictional facts. Swatzell v. Industrial Commission, 78 Ariz. 149, 277 P.2d 244 (1954). Moreover, the Commission may disregard self-serving testimony of an interested witness, except when corroborated by other credible evidence or disinterested testimony. Muchmore v. Industrial Commission, 81 Ariz. 345, 306 P.2d 272 (1957). In the instant case, the petitioner offered only his own testimony to support his contention of "negligence and dereliction on the part of the Commission." Consequently, the Commission could reasonably conclude that petitioner failed to sustain his burden of proof.

Petitioner's second assignment of error is that he "originally had no inkling or realization that the type of injury which he suffered was of a serious nature * * *." If so, the one year statute of limitations did not start running until the latter part of April, 1962.

The right to workmen's compensation accrues when the employee knows or,

by the exercise of reasonable diligence, should have known that he has sustained a compensable injury. English v. Industrial Commission, 73 Ariz. 86, 237 P.2d 815 (1951). The determination of when the result of the injury became manifest is exclusively the province of the Commission. Such determination by the Commission, if supported by competent evidence, will not be disturbed by this Court. McGee v. San Manuel Copper Corporation, 89 Ariz. 244, 360 P.2d 1024 (1961).

The facts of the instant case do not support petitioner's contention. On the morning of May 16, 1961, petitioner was in extreme pain. He was hospitalized, examined, and informed that he had suffered a serious heart attack. Within a week, he sustained another light heart attack. By his own admission, petitioner stated that he had been disabled since May 15, 1961. The Commission correctly found that the serious nature of this heart attack became manifest to the petitioner on the date of its occurrence.

Since the petitioner's claim was not filed until June 20, 1962, the Commission had no jurisdiction to entertain his claim. Therefore, the award of the Commission is affirmed.

STRUCKMEYER and BERNSTEIN, JJ., concur.