407 P.2d 111

**Edna Merle DONALDSON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Arthur Rothfeder and Virginia Rothfeder (the Jennifer Shops), Respondents.***

**I CA–IC 40.**

Court of Appeals of Arizona.

Nov. 1, 1965.

*The Petition was filed with the Arizona Supreme Court and assigned that Court's Number .8625. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

second-highest rung of a 5 foot step ladder. Some light boxes and the ladder fell on top of her. Petitioner was treated at a hospital emergency room on the date of the accident, and later in a physician's office. X-rays were taken of the left wrist and lumbo-sacral spine a few days after the accident. Petitioner was treated for contusions and for pain in her left wrist. She returned to work on 6 June, 1960, but continued to receive treatment for her left wrist until August, 1960, when she was discharged from further medical care by her physician. Petitioner's claim was accepted for benefits by the Commission on 20 July, 1960, but an award was never made and the case was not closed at that time.

Nearly three years after the original accident, petitioner was examined by another physician. At petitioner's request, this doctor submitted a report to the Commission stating that petitioner had "subacute to chronic low back strain and muscular spasm at the lumbar level". He admitted in his report that it was somewhat difficult for him to relate these symptoms to the industrial accident of 27 May, 1960.

When petitioner's symptoms failed to respond to treatment, her physician referred her to a psychiatrist who reported on 6 August, 1963, that:

> "It would be this examiner's feeling that the relationship between the injury of 1960 and the present complaints exist chiefly in the patient's mind and serves as a conversion focal point."

Petitioner was examined by a Commission medical board which reported on 12 November, 1963, that the patient showed no objective findings which would be attributable to the accident of 27 May, 1960. On 11 December, 1963, the Commission entered its findings and award accepting accident benefits (medical payments), but finding that the petitioner was not disabled for work in excess of 7 days, and that:

> "No compensation benefits are payable."

Petition and application for rehearing was timely filed, hearings were held pur-

Donald J. Morgan, Phoenix, for petitioner.

Merton E. Marks, Robert K. Park and Joyce Volts, Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review an award of the Industrial Commission of Arizona, allowing medical payments but denying compensation for an accident which occurred on 27 May, 1960.

Petitioner was obtaining merchandise from a high shelf in a dress shop storeroom when she fell to the floor from the

suant thereto, and a decision upon rehearing and order affirming previous findings and award was filed on 20 November, 1964, from which the petitioner brings a writ of certiorari to review the lawfulness of the Commission's actions.

The Commission having found that petitioner's symptoms and disability in 1963 were not causally related to her industrial accident of 1960, the issue presented on appeal is whether the findings and award of the Commission is reasonably supported by the evidence. When deciding this issue, the Court does not weigh the evidence, but considers it in the light most favorable to sustaining the award. McGill v. Industrial Commission, 82 Ariz. 36, 307 P.2d 1042 (1957). The findings of the Commission, if supported by sufficient competent evidence, will not be disturbed. Savich v. Industrial Commission, 39 Ariz. 266, 5 P.2d 779 (1931), Snyder v. Industrial Commission, 96 Ariz. 81, 392 P.2d 34 (1964).

Petitioner introduced medical testimony at the hearing which she argues proves that her disability is causally related to the industrial accident, and eliminates every other possible cause of her symptoms and disability. An examination of the record shows that petitioner's own physician was equivocal in his testimony as to what was causing petitioner's symptoms which resulted in her disability. He was unable to state any objective findings which could be the cause of the symptoms, and frankly admitted that he had been unable to diagnose and treat petitioner successfully. The report of the medical examining board of three doctors, which included her own physician, indicates a similar conclusion. Several other doctors testified that they had examined or treated the petitioner for back pain symptoms and other unrelated symptoms, but their testimony did not establish a causal relationship between the symptoms and the accident of 27 May, 1960. We do not agree with petitioner's contention that the medical testimony eliminated every other possible cause of these complaints except the industrial accident of 1960.

The Industrial Commission file shows no activity from 5 January, 1961, until 18 April, 1963. The petitioner contends that her back pain symptoms were continuous from the date of her accident until the present time. The lack of activity in the Commission file would indicate that no relation between the accident and petitioner's symptoms was suggested by objective findings of physical facts during this period.

The findings and award of the Commission are reasonably supported by the evidence.

The award is affirmed.

STEVENS, C. J., and DONOFRO, J., concur.