407 P.2d 88

Kenneth W. POTTER, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Arizona, and C. Lawrence Huerta, A. R. Kleindienst, and Frank G. Murphy, Members of the Industrial Commission of the State of Arizona, and Ben H. Landis, defendant and employer, Respondents.

No. 8465.

Supreme Court of Arizona.

En Banc.

Nov. 3, 1965.

Rehearing Denied Nov. 23, 1965.

fection and reduce pain. He noted at this time a clouding in each cornea and a congestion of the conjunctiva (the membrane over the white of the eye).

Later the same day, petitioner was taken to a Dr. McLoone, his regular eye doctor, who examined him and referred him to Dr. Sage, an ophthalmologist, who subsequently became the treating physician. Dr. Sage examined petitioner that day and prescribed antibiotic therapy to control infection and steroid therapy to reduce inflammation.

Dr. Sage filed a report with the Industrial Commission on February 2, 1962, that petitioner should be released for regular work by the middle of February, 1962. The Commission, in accordance with this recommendation, terminated compensation on February 13, 1962, though it continued to provide further medical benefits for treatment by Dr. Sage. Approximately five months later Dr. Sage noticed that petitioner had developed glaucoma and requested a consultation by two or more other ophthalmologists. Thereafter Drs. Hedges and Burgess were appointed and examined petitioner. They found that there was slight corneal opacity in the left eye not involving visual acuity, and glaucoma in both eyes. They concluded the condition was not related to the industrial injury.

Later, on August 27, 1962, Dr. Sage also reported to the Commission that petitioner had glaucoma which was unrelated to the

Alan Philip Bayham, Phoenix, for petitioner.

Robert A. Slonaker, Phoenix, for respondent, Industrial Commission of Arizona. Richard J. Daniels, Courtney L. Varner, Merton E. Marks, Glen D. Webster, Phoenix, of counsel.

LOCKWOOD, Chief Justice:

Petitioner worked as a cesspool pumper for one Ben H. Landis, a cesspool cleaning operator. On November 6, 1961 in the course of his employment, he accidentally stumbled while carrying an open five gallon can of sulphuric acid. The acid splashed onto his face and into his eyes.

The employer, Ben Landis immediately took petitioner to Dr. Linton, an eye, ear, nose and throat specialist. Dr. Linton gave emergency treatment—washing the eye and applying cortisone ointment to prevent in-

industrial injury. Based on these reports the Commission, on September 11, 1962, rendered its finding affirming the award for total temporary disability from November 7, 1961, to February 12, 1962. However, they denied any award for the glaucoma, finding it was not caused by the industrial accident.

By letter, on November 19, 1962, Dr. Sage reported that petitioner had developed cataracts in each eye. Dr. Sage recommended petitioner's case be reopened for a consultation by three ophthalmologists to determine whether there was a causal connection between the industrial injury and the cataract development. In connection with this request, petitioner applied for a reopening on December 3, 1962. The Commission ordered an investigation on December 28, 1962 to determine if the case should be reopened.

Petitioner was examined on January 11, 1963, by a consultation board consisting of Drs. Bauer and Burgess. Their report stated that the glaucoma and the cataracts were unrelated to the industrial injury, though the pingueculae and conjunctivitis probably were so related. Dr. Sage, by letter of March 25, 1963, agreed with the board's findings with regard to the glaucoma and the pingueculae. He reported that the cataracts, though probably unrelated might possibly be due to the injury of November 6, 1961. Following receipt of the above reports, the Industrial Commission, on April 18, 1963, denied reopening the claim, specifically finding that petitioner did not have any new additional or previously undiscovered disability attributable to the industrial injury.

Petitioner made timely application for rehearing which was held on May 20, 1963, wherein Drs. Sage, Hedges, Burgess and Bauer were examined and cross-examined by petitioner's attorney. The referee found that the glaucoma and cataracts were neither caused nor aggravated by the injury of November 6, 1961. On July 12, 1963, the Commission entered its decision upon rehearing, denying the reopening of the claim. However, the Commission acknowledged liability for the pingueculae and conjunctivitis but reserved jurisdiction to determine whether these conditions would require further treatment. At the time of the award, the Commission could not determine whether the pingueculae or conjunctivitis would require further treatment since petitioner was under postoperative care for the removal of cataracts.

Petitioner again petitioned for a rehearing on August 1, 1963, stating that he wished to submit psychiatric testimony to the effect that he was suffering from a traumatically caused hysteria. Also, he sought to introduce medical testimony that the cataracts and glaucoma were probably caused by the acid injury.

Because of this petition, a rehearing was held on April 24, 1964. Dr. Linton, who had only seen petitioner at the time of the initial emergency treatment, testified that the acid injury caused the glaucoma and cataracts. Dr. Tuchler, a neurologist and psychiatrist, testified that petitioner was suffering from a neurosis. However, he stated that in his opinion such neurosis would not prevent petitioner from engaging in the type of work he had been doing.

On July 7, 1964, the Industrial Commission affirmed its previous findings and award of July 12, 1963, and further found that petitioner did not suffer from a disabling neurosis.

From that Decision Upon Rehearing, petitioner filed a timely Writ of Certiorari on July 21, 1964, on the grounds that the Commission's decision was contrary to the law and evidence.

The issue presented to this Court is whether petitioner's claim should be reopened on any one or all of the following grounds:

1) That the glaucoma and cataracts were caused by the injury.

2) That a disabling neurosis exists and was caused by the injury.

3) That the pingueculae and/or conjunctivitis require treatment and/or are compensable.

■ The Commission retains jurisdiction for reopening a claim for adjustment of compensation and medical benefits where it is shown there has been a change in physical condition subsequent to the time the prior claim culminated in award. Moreover the new or additional injury must be found to be attributable to the industrial injury. Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964). The glaucoma and cataract disability have been subsequent changes of physical condition which had affected his earning capacity. However, there is a conflict in testimony regarding the causality of the disability.

■ When the result of an accident is of such a nature that it is not clearly apparent to the ordinary layman, the physical condition of an applicant can usually be ascertained only by expert medical testimony. Hughes Aircraft Co. v. Industrial Commission, 90 Ariz. 154, 156, 367 P.2d 206, 207 (1961).

Three examining ophthalmologists and the treating ophthalmologist all agree that the above disorders were not or probably not caused by the industrial accident. One doctor contended that these disorders were related to the accident.

■ Where there is a conflict in competent evidence on which the Commission might base its findings we have repeatedly held we will not disturb those findings. Snyder v. Industrial Commission, 96 Ariz. 81, 392 P.2d 34 (1964). There was suffi-

cient evidence here to support the Commission's findings that petitioner failed to carry his burden to prove a causal connection.

■ Petitioner's second ground for reopening is that he is suffering from a disabling neurosis. There is no merit to this contention. There is evidence he had developed a neurosis, but no evidence that it was disabling.

■ Petitioner in his brief claims his case should be reopened "for treatment purposes" for the neurosis. This was not raised in his application to the Commission, hence we will not consider it here.

■ With regard to the petitioner's third and final ground for reopening, the Commission specifically found that the pingueculae and/or conjunctivitis does not affect the vision or health of the eyes; moreover they found it is not disabling. This finding, supported by substantial competent evidence will not be upset by this court. Snyder v. Industrial Commission, supra.

Thus, all that remains is for the Commission to determine whether or not petitioner required or will require treatment for conjunctivitis and/or pingueculae for which the Commission has already admitted liability.

Award affirmed.

STRUCKMEYER, V. C. J., and BERNSTEIN, UDALL and McFARLAND, JJ., concur.