[Civil No. 2083. Filed January 24, 1924.]

[222 Pac. 412.]

## BANK OF JEROME, a Corporation, Appellant, v. SAM MISILANOVICH, Appellee.

1. BANKS AND BANKING—FINDINGS HELD INSUFFICIENT TO REQUIRE JUDGMENT FOR ONE CLAIMING UNDER THIRD PERSON'S PLEDGE IN ABSENCE OF OWNER'S CONSENT.—In an action against a bank to replevy bonds, a finding that a third person delivered them to the bank as security for the payment of his note and that bank accepted the bonds as a pledge with the understanding that plaintiff, on his return from another state, would consent thereto, *held* insufficient to require the rendition of a judgment for the bank, in the absence of a finding that the plaintiff did in fact consent to the pledge.

2. APPEAL AND ERROR—FINDINGS DISTURBED ONLY WHERE THERE IS NO SUBSTANTIAL EVIDENCE TO SUPPORT THEM.—It is only where there is no substantial evidence to support the findings that the appellate court will disturb them.

APPEAL from a judgment of the Superior Court of the County of Yavapai. E. Elmo Bollinger, Judge. Affirmed.

Messrs. Norris & Norris, Mr. Robert McMurchie and Mr. J. Andrew West, for Appellant.

Mr. John L. Sullivan, Mr. R. B. Westervelt, and Mr. Thomas W. Nealon, for Appellee.

ROSS, J.—By this action appellee seeks to replevy Liberty Bonds, postal savings bonds, and war savings stamps of the aggregate face value of $4,200 which he claims to have left with the appellant bank for safekeeping pending a trip to California. Of these bonds $3,000 were registered and $1,200 unregistered.

1. See 21 R. C. L. 638.
2. See 2 R. C. L. 202.
   See 4 C. J. 876.

It is claimed by appellee that appellant agreed to
send those unregistered to Washington, D. C., for
registration.  The appellant claims that appellee left
the bonds with it as a pledge to secure the payment
of a note for $3,400 of one Kosta Katich, a nephew
of appellee by marriage.

Evidently the learned trial judge had great trouble
in trying to reconcile the evidence.  He says:

"There is a great conflict in the testimony in the
case.  The court has read and reread the testimony
in order to arrive at the findings of fact."

As the court's findings also included a discussion of
the evidence and the witnesses, we will simply give
our conclusions as to what the findings are.  Briefly,
they are as follows: That the appellee was and is the
owner of all of said bonds; that while they were in
the safety deposit box of one Kosta Katich in appel-
lant's bank in Jerome, on or about June 23, 1920, the
said Kosta Katich delivered them to the bank as
security for the payment of his note due the bank for
the sum of $3,400, and that the bank accepted said
bonds on pledge with the understanding that plaintiff
upon his return from California consent thereto.  The
court further found that plaintiff on his return went
to the bank and had at least one conversation with
Mr. Deming, the cashier, concerning the bonds, and,
while the court finds that the cashier and the assistant
cashier of the bank testified "that plaintiff consented
for the defendant bank to hold said bonds until the
indebtedness of Kosta Katich was paid," it does not
find as a fact that the plaintiff consented to leave
his said property with the bank as security for the
payment of the note of Kosta Katich.

From the circumstance that the bank tried to get
appellee, on his return from California, to sign Kosta
Katich's note, and his refusal to do so, and the further
circumstance that the registered bonds had not been
transferred or assigned by appellee so that they might
be appropriated to pay note upon defalcation, the

court reasoned that said property was probably not given by appellee or accepted by the bank as a pledge for the payment of Kosta Katich's note. Another circumstance the court construed against the appellant's contention that it held the bonds as security for Kosta Katich's note was that the appellant had theretofore, in a suit against Kosta Katich, made affidavit by its cashier that the indebtedness of said Katich was not secured by lien, pledge or mortgage.

The court's finding upon the essential question in the case is very unsatisfactory. Indeed, there is no finding, except inferentially, as to whether or not the appellee consented to the pledge of his bonds. The most that can be said is that the court did not find that he had agreed thereto. That such a finding is absolutely essential before appellant can hold appellee's bonds is too evident to merit discussion.

The appellant's assumption that because the court found as a fact that it came into the possession of the bonds in the manner detailed by its witness Deming, rather than in the manner stated by appellee and his witnesses, is tantamount to a finding that appellee had consented that the bonds be placed with it as security to Kosta Katich's note, is not borne out by the record. One of the statements made by the court in its finding is: "Said bank secured possession of his [appellee's] bonds because they [bank] urged Kosta Katich to furnish security." There is no finding that appellee agreed or consented to his property being pledged as security for Kosta Katich's debt to the bank. And looking into the evidence ourselves we cannot say the circumstances enumerated by the learned trial judge as refuting appellant's claim did not fully justify the conclusion there reached. In short, it is obvious the trial court refused to accept appellant's version of the way it claimed appellee's securities became hostage for Kosta Katich's debt to it. It is not suggested credit was given Kosta Katich on account of any pledge, or promise of one,

the fact being that credit had been extended long prior thereto without any security whatever. It is undisputed appellee was asked to sign the note of Kosta Katich and that he refused to sign it. The usual and banker-like method of describing in the note (or some other writing) the collateral put up to secure its payment was not pursued by this bank, and no assignment of the registered bonds by the payee thereof was taken or required, and the evidence of the transaction, important not only to the bank but vastly so to the appellee, was left in parol. And, added to all these circumstances, was the fact that the principal witness to sustain appellant's contention had in a previous action (against Kosta Katich) made oath that the note of Kosta Katich was not secured by a lien, pledge or mortgage—a direct negation of the bank's present claim. The appellant's premise that there was a finding that the bonds left with it as security for the payment of the note of Kosta Katich, failing, its argument and authorities must also fail.

The lower court had a very much better opportunity than we to pass upon the weight of the evidence and credibility of the witnesses. Seeing and hearing the witnesses as he did, and being familiar with all of the local surroundings and circumstances, and not having found that there was an agreement by appellee that the bonds should be held by the bank as security for the note of Kosta Katich, we do not ourselves feel like assuming that responsibility. This court has uniformly refused to disturb the findings of the trial court or the verdict of a jury, where the supporting evidence is substantial, although conflicting. It is only in cases where there is no substantial evidence to support the findings or the verdict that the appellate court will hold them for naught.

The judgment of the trial court is affirmed.

McALISTER, C. J., and LYMAN, J., concur.