205 P.2d 588

**GIBSON v. INDUSTRIAL COMMISSION et al.**

**No. 5124.**

Supreme Court of Arizona.

May 2, 1949.

Cox, Lockwood & Lockwood and L. J. Cox, Jr., all of Phœnix, and Ira Schneier, of Tucson, for petitioner.

H. S. McCluskey of Phœnix (Robert E. Yount, of Phœnix, of counsel), for respondents, Industrial Commission of Arizona.

PHELPS, Justice.

On December 10, 1945, J. B. Gibson, hereinafter referred to as petitioner, was employed by the Salt River Valley Water Users' Association and on said date was seriously injured by reason of an accident arising out of and in the course of his employment.

On December 26, 1945, petitioner made application to The Industrial Commission of Arizona (hereinafter referred to as the Commission) for compensation under the Workmen's Compensation Law. A.C.A. 1939, § 56-901 et seq.

On September 29, 1947, petitioner was examined by two members of the medical staff of the Commissioner who reported, in so far as the same is material here, that:

"Mr. Gibson complains of pains about the left shoulder which extend up the left side of the neck and of stiffness in his shoulder and neck after he lies in one position for any length of time. He states that the pain seems to start lower down in the chest over what he terms the 12th rib, although he points to about the level of the 8th rib on the right side of the chest. He also complains of some pains about the right shoulder blade on motions of the right arm.

\* \* \* \* \* \*

"Straight leg raising can be carried out to 70 degrees but with complaint of pain referred to the lumbosacral region on both sides.

\* \* \* \* \* \*

"From a careful review of the history of the case, the findings on previous examinations (not before the court) and on those in the examination today, we find no objective evidence of injury sustained in the accident and we see no indication for any further treatment. (Parenthesis supplied.)

"We are of the opinion that he is physically able and should return to some form of light, steady employment as has previously been recommended on several occasions."

On November 13, 1947, the Commission made its finding and award "after consideration of the records, files and evidence" then before it, in favor of petitioner for temporary disability from December 11, 1945, through March 4, 1946, and from March 19, 1946 through March 24, 1946; from April 2, 1946 through April 17, 1946; and from April 19, 1946 through September 21, 1947, in the sum of $1901.90 and for temporary partial disability based on 65% of the difference between his wages of $124.56 per month and what he may be able to earn from September 21, 1947 to February 18, 1948, plus accident benefits.

On January 15, 1948, Dr. James R. Moore of the medical staff of the Commission, made a further examination of petitioner and states that petitioner complained of pain when required to elevate his arms to a verticle position. He also stated that:

"Movements of the cervical spine can be carried out through normal range, but he also complains in the extremes of movements, especially in hyperextension and rotation to the left. Forward, backward and lateral bending to each side can be carried out to approximately normal range, but all these movements also cause complaint of diffuse discomfort throughout the shoulder regions and back. There are no localized areas of tenderness."

"Comments: As in the previous consultation, no objective evidences of injury are found; and it is quite likely that his present complaints are the result of unusual exercise and bending in picking of cotton and not followed up by continued exercise.

"The problem of this man's rehabilitation seems to be more one of economic question, concerned with his inability to locate any suitable work, rather than to a condition due to injury. As long as he is being carried on compensation and has these additional complaints, it probably would be advisable to administer symptomatic treatment for a period of two or three weeks with continued encouragement to seek some form of suitable employment."

During the month of March, 1948, petitioner filed with the Commission a petition and application (undated) for a rehearing. The petition was granted and on April 20, 1948, witnesses were examined and the matter submitted to the Commission for decision.

On March 16, 1948, petitioner was examined by Dr. G. A. Williamson whose conclusions were as follows:

"This patient had apparently suffered a severe contusion of his chest, causing a fracture of the last three ribs. However, these apparently healed without any residual deformity. We are of the impression that the patient has had sufficient time to have recovered from the effects of the injury to the skeleton structure and soft tissue, but has been too reluctant to withstand the discomfort necessary to return to full activity. He would have benefitted from a return to some form of light occupation which he could have done, but feels that he was not given an opportunity to do so. We can find no evidence of residuals of injury except for the subjective complaints of pain."

On May 15, 1948, the Commission affirmed its former findings of February 28, 1948, and denied the petition and application of petitioner for further compensation. The case is brought here on certiorari.

■ The same rule applies to the findings of the Commission as applies to the findings of a trial court; Federal Mutual Liability Ins. Co. v. Industrial Commission, 31 Ariz. 224, 252 P. 512. If the findings and award of the Commission are sup-

ported by substantial evidence they will not be disturbed; Bank of Jerome v. Sam Misilanovich, 26 Ariz. 98, 222 P. 412. The Commission finds all of the jurisdictional facts necessary to sustain the award but no where in its findings is there found a statement that the petitioner has recovered from the injury sustained. There is incorporated in the findings a portion of the report of Drs. Greer and Moore who state that they find no objective evidence of injury sustained in the accident and see no indication for further treatment. That statement further proceeds as follows:

"We are of the opinion that he is physically able and should return to some form of light, steady employment as has previously been recommended on several occasions."

This statement of the doctors was not expressly adopted by the Commission as their finding and even if it were it cannot be construed to be a finding of such recovery of the petitioner that enabled him to return to any kind of work except "light work" which the undisputed evidence shows he was unable to find.

No citation of authorities is necessary to support the statement that compensation statutes should be liberally construed and that their purpose is to at least partially compensate a person who has been injured by accident arising out of or in the course of his employment during the period of his disability. The law seeks to require industry to bear a part of the burden of such injuries and relieve the employee in part from such burdens.

It will be observed that no physician who has examined petitioner has gone further than to say that they find no objective evidences of injury but do recognize the existence of subjective evidence of a condition of partial disability by recommending in each case that the petitioner do some kind of light work. We said in Savich v. Industrial Commission, 39 Ariz. 266, 5 P.2d 779, 780, that:

"The word 'disability,' as used in our Compensation Act does not mean disablement to perform the particular work petitioner was doing at the time of his injury, but refers to injuries which result in impairment of earning power generally. Gordon v. Evans et al., 1 Cal.Ind.Acc.Com. (part 2) 94. It applies to earning power and not to inability to do a certain class of work. (Citing cases.)"

No doctor has said, nor has the Commission found that the petitioner is able to return to any kind of work. The doctors have suggested and the Commission has directed that he engage in some form of light work. Such work could not be obtained. If it were obtainable it would materially reduce his earning power bringing petitioner squarely within the protection of the law above quoted. There is no claim nor even suggestion in the record that petitioner is a malingerer. On the contrary the evidence shows clearly that he has made every effort to procure employ-

318

ment. By reason of his lack of education, his ability to earn is limited to manual labor of some kind. In each instance where he has undertaken to do any kind of manual labor he has been compelled to remain in bed from one to three or four days.

We have quoted with approval in Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396, 402, the language of the Massachusetts court in Re Sullivan, 218 Mass. 141, 105 N.E. 463, L.R.A.1916A, 378, the following:

" 'He is deprived of the benefit which the statute promises to him if he is told that because he could do some work if he could get it, he is not under an incapacity for work, although by reason of his injury he can obtain no opportunity to work.' "

We also held in the case of Kennecott Copper Corporation v. Industrial Commission, 62 Ariz. 516, 158 P.2d 887, 892, that:

"As a matter of fact, the evidence before the Commission, if it proved anything, tended to show that the applicant should have been rated totally and permanently disabled. He was unable to work at his usual occupation, and had been unable to secure any other employment because of his condition. * * *"

█ It is true that the precise question presented to the court in that case is not now before the court, but the principle there involved is closely analogous to the one here presented. The court further said in that case:

" * * * If an employee, by reason of his injuries, is unable to procure any employment at his usual work, or at some other gainful occupation, he may be continued in the temporary total disability class until some definite evidence is procured to determine what his wages will be. * * *"

We conclude therefore:

1. That the Commission, in making its award, did not definitely find the petitioner to be able to return to any kind of work, the compensation for which would be at all commensurate with his earning capacity prior to the injury. Nor did it find that petitioner had recovered from the disability found to exist as a result of said injury.

2. That if such finding had been made there is no evidence to sustain it. The evidence of petitioner and his witnesses is all to the effect that he is unable to work. The report of the doctors cannot be construed as justifying a finding that petitioner is able to return to work similar to that which he did prior to the injury. The Commission did not find that his earning power was not impaired on the date of the award but on the contrary impliedly found that it was impaired by directing him to obtain light work. The evidence is all to the effect that he is unable to work at all without suffering great pain and discomfort therefrom.

█ We find nothing in the statute making it mandatory upon the Commission to do more in the rehabilitation of disabled persons than may be reasonably inferred

from the language used therein which provides for the promotion of vocational rehabilitation for such persons.

█ Upon the grounds and for the reasons above stated, the award of May 15, 1948, should be and is

Set aside.

UDALL, STANFORD, and DeCONCINI, JJ., and J. MERCER JOHNSON, Superior Judge, concurring.

NOTE: Chief Justice LaPRADE did not participate. The Honorable J. MERCER JOHNSON, Judge of the Superior Court of Pima County, was called to sit in his stead.