409 P.2d 312

James A. WOLLUM, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, and Merritt-Chapman & Scott Corporation, Respondents.

No. I CA–IC 19.

Court of Appeals of Arizona.

Jan. 4, 1966.

Rehearing Denied Jan. 27, 1966.

Review. Granted Feb. 16, 1966.

knee. Petitioner was treated, and had two surgical procedures performed on his injured knee. A medical group consultation found petitioner's condition stationary, with a permanent partial disability of 15% functional loss of the right leg, and an award reflecting this finding and awarding compensation based thereon was duly entered by the Commission.

The petitioner protested the award on the basis that at the time of the accidental injury to his knee, he was suffering the loss of the distal phalanx of his left index finger. This finger-tip had been amputated as the result of an injury petitioner suffered when he was eight years old.

Petitioner presents two questions for review:

1. Whether the evidence supports findings and award that petitioner suffered a scheduled injury under A.R.S. § 23–1044B, or

2. Whether petitioner's previous loss of the distal phalanx of his left index finger, together with the 15% functional loss of the right leg, constitutes an "unscheduled" disability under A.R.S. § 23–1044, subsecs. C, D and E.

The word "disability" as used in A.R.S. § 23–1044, was defined in Savich v. Industrial Commission, 39 Ariz. 266, 270, 5 P.2d 779, 780 (1931):

> "The word 'disability' as used in our Compensation Act * * * refers to injuries which result in impairment of earning power generally * * * It applies to earning power and not to inability to do a certain class of work."

"Previous disability" as used in subsection E refers to previous disability which affected earning capacity at the time of the subsequent injury. The entire consideration in the non-scheduled category is a loss of earning capacity consideration, Goodyear Aircraft Corporation v. Industrial Commission, 89 Ariz. 114, 118, 358 P.2d 715, 717 (1961).

The record reflects that petitioner herein failed to prove that his loss of the

Charles M. Brewer and James D. Lester, Phoenix, for petitioner.

Robert K. Park, Dee-Dee Samet, Phoenix, for respondents.

STEVENS, Chief Judge.

This is an appeal by writ of certiorari brought by the claimant James A. Wollum from a decision and findings and award of the Industrial Commission dated 5 March 1965.

The petitioner sustained a compensable injury on 1 August 1963, when he slipped on some grease and fell, twisting his right

tip of his left index finger when he was eight years old was affecting his earning capacity at the time of his subsequent injury at the age of 41. Petitioner's argument that because the loss of the distal phalanx of an index finger is a scheduled loss under A.R.S. § 23–1044, subsec. B, his loss ipso facto constitutes a disability affecting earning capacity, is not well taken. As A.R.S. § 23–1044, subsec. E has been defined in our case law, petitioner must sustain the burden of proving that his previous loss of the finger tip was an actual, present disability affecting his earning capacity at the time of his subsequent injury. Having failed to do this, petitioner must be compensated for a scheduled injury, as the Commission has done.

Award affirmed.

CAMERON and DONOFRIO, JJ., concurring.