413 P.2d 800

**Rex E. EDWARDS, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Arizona Highway Department, Respondents.**

**I CA–IC 10.**

Court of Appeals of Arizona.

April 29, 1966.

Rehearing Denied May 25, 1966.

Donald J. Morgan, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Howland F. Hirst, Phoenix, for respondents.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award and finding of the Industrial Commission of Arizona allowing the claimant temporary compensation and accident benefits.

We are called upon to determine whether the evidence sustains the finding of the Commission, and further if the claimant has sustained an injury, whether or not it would be a scheduled or unscheduled injury under our statutes.

In 1942, the claimant, then 19 years of age, was injured in a non-industrial accident which resulted in the amputation of his left arm at the shoulder. He was left-handed so this was his major arm. He was able to retrain his right arm, and by 27 May, 1963, he was employed as a heavy equipment operator for the Arizona Highway Department. While assisting with unloading a bull dozer blade from a "low-boy", he found it necessary to catch the slipping blade with his right hand to prevent the blade from hitting his feet or body. He testified that he

" * * * went to the floor with it that way keeping it off my feet, keeping it pushed off me."

Claimant continued working for several hours until his arm was disabled, and he then sought medical attention. Claimant had enjoyed regular employment prior to his injury. He has a seventh grade education.

After medical treatment and consideration by the Commission, the Commission, on 12 August, 1963, issued findings and award for temporary disability finding that the claimant had no permanent disability attributable to the accident. Claimant filed a petition and application for reopening 10 October, 1963, and on 26 March, 1964, the claimant was seen in consultation by two doctors at the request of the respondent Industrial Commission. The doctors reported:

"It is felt by the consultants that because patient has only the upper right extremity to carry out his activities that he be given a permanent partial disability equivalent to approximately 5% functional loss of the right upper extremity and that this case be closed."

On 21 April, 1964, the Commission issued additional findings and award finding the claimant was entitled to temporary disability only. Claimant filed a timely notice of protest, and on 31 July, 1964, the claimant was again seen in consultation, by three other doctors at the request of the respondent Industrial Commission. The doctors in that consultation found:

"There is no evidence at this time of any new additional disability over that which was previously awarded, namely 5% functional loss of the right arm."

A hearing was timely requested, and a hearing on the matter was held 22 October, 1964, at which hearing Dr. C. F. Lofdahl, M.D., who was a member of the first consultation board, and Dr. Malcolm F. Dorfman, who was a member of the second consultation board testified to the effect that the claimant had a 5% functional loss of the right arm.

At the start of the hearing on 22 October, 1964, the attorney for claimant stated:

"I noted in the file before I came down that there were certain memorandum and directives incorporating a good many conclusions of a medical type and conclusions of law by the claims manager which I would like to object to. I am

sure the referee will understand that these are not binding upon anyone.

"The Referee: Yes, I understand that."

After the hearing, there was placed in the file a memorandum from the Claims Manager as well as a memorandum of the medical advisor to the Industrial Commission. The memorandum of the medical advisor is dated 19 January, 1965, almost three months after the hearing. The attorney for the Industrial Commission in its brief states that:

"The Commission after a carefully considered review of the claims file, the hearing transcript, and opinions from the Chief Counsel and medical advisor came to the conclusion that no reasonable basis for such loss existed. Therefore, the Commission's determination that the medical evidence reflected that said applicant had no physical disability resulting from the accident of May 27, 1963, must be accepted."

With this we must strongly disagree.

■■ At the hearing, the attorney for the petitioner objected to the use of any reports by the Claims Department. This objection having been made, the Commission may not use said reports of the Claims Department as a basis for reaching its decision. The medical report of 19 January, 1965, and the report of the Assistant Claims Manager of 24 November, 1964, both filed after the hearing of 22 October, 1964, may not be considered by the Commission in reaching a determination of this matter and we will not consider said reports on appeal. We have previously stated that the Industrial Commission, when making an award, is acting judicially and is bound to follow general principles of law, and that all parties before the Industrial Commission have the right of cross-examination. Avenente v. Smouse, 1 Ariz.App. 24, 398 P.2d 932 (1965).

■ Based upon the record which the Commission may properly consider, the findings of the Industrial Commission that the applicant has no physical disability resulting from said accident is not reasonably supported by the evidence.

■ The Industrial Commission next contends that if the petitioner has sustained a physical functional disability as a result of this accident, that said injury may not be considered an unscheduled disability because:

"Claimant's prior loss of his left arm in a non-industrial episode did not in any way affect his earning capacity."

With this we cannot agree. The enormity of the effect of the loss of a major arm upon the earning capacity of a person engaged in manual labor staggers one's imagination. Our Supreme Court has stated:

"The word 'disability,' as used in our Compensation Act * * * refers to injuries which result in impairment of earning power generally. * * * It applies to earning power and not to inability to do a certain class of work." Savich v. Industrial Commission, 39 Ariz. 266, 270, 5 P.2d 779, 780 (1931).

The loss of a major arm cannot in any way be compared to the loss of a tip of the left index finger discussed by this Court in Wollum v. Industrial Commission, 2 Ariz. App. 392, 409 P.2d 312 (1966) (petition for review granted 16 February, 1966). We have recently stated:

"[T]hese cases * * * require the Commission to take into consideration a previous disability as it exists at the time of a subsequent injury, and if any disability results from the subsequent injury, whether scheduled or unscheduled, or both, the Commission must treat the disabilities as general or unscheduled in nature, and base its award on loss of earning capacity only, as derived from the facts of the case." Meador v. Industrial Commission, 2 Ariz.App. 382, 409 P.2d 302 (1966).

See also McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887 (1955). Petitioner's previous loss of the left (major) arm together with a 5% functional loss of the right arm constitutes an unscheduled disability under A.R.S. 23–1044, subsecs. C, D and E.

The award is set aside.

DONOFRIO, J., and THOMAS TANG, Superior Court Judge, concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.