422 P.2d 406

Ruth Louise DUNHAM, a Widow, Terry B. Dunham and Joseph M. Dunham, Dependents, in the Matter of Benjamin Franklin Dunham, Deceased, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona and Jim Blaylock Motors, Inc., Respondents.

No. 1 CA–IC 27.

Court of Appeals of Arizona.

Jan. 16, 1967.

Rehearing Denied Feb. 15, 1967.

Review Denied March 7, 1967.

**576**

Brown & Finn, by Robert W. Finn, Tucson, for petitioners.

Robert K. Park, Chief Counsel, by Joyce Volts, Phoenix, for respondents.

CAMERON, Chief Judge.

The widow, for herself and minor children of the decedent Benjamin Franklin Dunham, petitioned for this writ of certiorari to test the lawfulness of an award of the Industrial Commission of Arizona, which denied their claim for death benefits as the result of decedent's death.

The question before this Court is whether the evidence reasonably supports the findings and award of the Commission that the accident in which decedent was killed did not arise out of and in the course of his employment.

The facts necessary for a determination of this matter are as follows: The decedent was an automobile salesman employed by a car dealer in Tucson at the time of his death, 7:00 a. m., 17 March 1963. The previous night, decedent had been visiting a restaurant-cocktail lounge. Between 2:00 a. m. and 3:00 a. m., decedent and five other people left the bar, and proceeded to drive to Nogales, Sonora. The group went in two automobiles, both of which were demonstrators belonging to decedent's employer. The owner of the bar, his wife, and an employee of his rode in one automobile, decedent and a waitress who worked at the bar rode in the second automobile. The evidence indicates that the decedent had been working during the afternoon and early evening, to sell the bar-owner the demonstrator car he drove that night. The two cars became separated, and when the bar-owner and his party failed to meet them, they began the return trip to Tucson. The accident occurred on the return trip.

The evidence before the Commission concerning the purpose of the trip was conflicting. There was evidence from which the Commission could have determined that the trip was made for the purpose of demonstrating both automobiles to prospective buyers, the bar-owner and the waitress. There was also evidence to support a finding by the Commission that decedent had abandoned his employment and was engaged in a private mission at the time the accident occurred. This Court does not weigh evidence in determining whether findings and awards of the Industrial Commission in compensation proceedings are reasonably supported by the evidence, and considers the evidence in the light most favorable to sustaining the award. Donaldson v. Industrial Commis-

sion, 2 Ariz.App. 172, 407 P.2d 111 (1965). Findings of the Industrial Commission, if supported by sufficient competent evidence, will not be disturbed by this Court. Nebel v. Industrial Commission, 3 Ariz.App. 171, 412 P.2d 740 (1966).

 We have examined the evidence, and it is the opinion of this Court that the findings and award of the Commission are reasonably supported by the evidence.

The award is affirmed.

DONOFRIO and STEVENS, JJ., concur.