453 P.2d 243

Russell A. **OUELLETTE**, Petitioner,

v.

**INDUSTRIAL COMMISSION of Arizona,** Respondent,

**U-Totem Markets of Arizona, Inc., (U-Totem Store No. 11), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 239.

Court of Appeals of Arizona.

April 16, 1969.

Morgan & Jerome, by D. A. Jerome, Phoenix, for petitioner.

Robert D. Steckner, Phoenix, Chief Counsel for the Industrial Commission.

Robert K. Park, Chief Counsel by Courtney L. Varner, Phoenix, for the State Compensation Fund.

STEVENS, Judge.

The basic questions presented in connection with this review of the action of The Industrial Commission of Arizona are:

1. Was the evidence sufficient to sustain the award finding an absence of physical disability bearing a causal relationship to the industrial incident?

2. Was the award entered for the reason that the petitioner declined to submit to a myelogram?

3. If the second question is answered in the affirmative, need there be a finding that the petitioner's refusal was unreasonable? and,

4. Was a fair hearing conducted by the referee?

We have studied the record. In our opinion a detailed discussion of the evidence would not add to the value of the case law of this State.

The petitioner, at the age of 62 years, sustained a low back injury in the course of his employment. At that time he had a diabetic condition which was under control. The injury occurred on 8 August, 1966.

The file reflects competent medical care. There were medical consultation boards on 20 December, 1966 and 30 August, 1967. There are medical reports and diagnostic reports in the file. Doctors were called to testify. The record, at most, presents a possible conflict of medical opinion. The record supports an award of no residual disability resulting from the industrial incident. Dunham v. Industrial Commission, 4 Ariz.App. 575, 422 P.2d 406 (1967) and Wones v. Industrial Commission, 7 Ariz.App. 236, 437 P.2d 988 (1968). The first question is answered in the affirmative.

There was evidence that the petitioner's physical condition did not disable him from returning to his former employment and that his physical condition bore a causal relationship to his diabetes.

The myelographic issue arose in the following manner. There was competent medical evidence that the petitioner did not sustain a permanent disability by reason of the industrial incident and that the residuals were diabetic in origin. The medical opinion was expressed that if the petitioner would submit to a myelogram, the results might show that the medical conclusions were in error. The petitioner declined to submit to a myelogram. This is not a situation wherein an award of "no disability" was entered by reason of the injured workman's refusal to submit to additional diagnostic studies. Question number two is answered in the negative and this answer obviates the necessity of answering question number three.

There were some instances of personality differences on the part of the two attorneys. These were short-lived. The petitioner's attorney took exception to one ruling entered by the referee in relation to the claimed privilege of the petitioner to give details not essential to establish the fact of an industrial incident and its causal relationship to the initial disability, the incident and initial disability being admitted. We find a reasonable exercise of discretion on the part of the referee. At one time the petitioner's attorney, in the opinion of the referee and in our opinion, did not fully understand the ruling of the referee. We understand how this may have arisen. The record reflects a well-conducted and fair hearing. The fourth question is answered in the affirmative.

The award is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.