459 P.2d 751

**Esther Mae ALTON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Motorola, Inc., Respondents.**

**No. I CA–IC 242.**

Court of Appeals of Arizona.

Division 1.

Department A.

Oct. 15, 1969.

———◆———

Finn, Meadow & Thrasher, by Herbert B. Finn, Phoenix, for petitioner.

Evans, Kitchel & Jenckes, by James M. Bush, Earl H. Carroll, and G. Starr Rounds, Phoenix, for Motorola, Inc.

Donald L. Cross, Chief Counsel, by Robert D. Steckner, Former Chief Counsel, Phoenix, for Industrial Commission of Arizona.

CAMERON, Judge.

This case is before the Court by writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission of Arizona issued 17 October 1968, denying a rehearing and affirming previous findings and award for noncompensable claim.

The question before this Court is whether the findings and award of the Commission that petitioner did not sustain an injury by accident arising out of and in the course and scope of her employment on or about 8 August 1967 is reasonably supported by the evidence.

The petitioner first complained to the company nurse on 5 August 1965 of "burning, itching and peeling of both hands and sides of nose, which had been present for about four weeks." The condition was diagnosed as allergic dermatitis, and was accepted by the Industrial Commission under the Occupational Disease Disability Law. She received extensive medical treatment and was discharged from this care on 2 June 1966. The Commission entered a finding and award on 24 June 1966 awarding her medical benefits through 2 June 1966. This award became final without protest.

Petitioner's attending physician advised the Commission by letter dated 31 August 1966 that petitioner had had a recurrence of the rash which he noted occurred at approximately the same time of year as it had before. The petitioner's skin specialist submitted a report about 8 September 1966 stating that the petitioner was suffering from a flare-up of her previous condition and that this had occurred in July 1966. A subsequent report of treatment dated 9 December 1966 corroborated the earlier report. In this report, under the sentence "state in patient's own words where and how accident or cause of disability occurred", it was noted:

"Patient suffered a flare of her dermatitis in the third week of July. I had been on vacation the last part of June and the first two weeks in July and after returning to work my hands broke out."

The petitioner filed a petition and application for readjustment or reopening of her occupational disease claim on 2 February 1967. The Commission entered an award and findings for recurring dermatitis on 16 February 1967 allowing additional medical benefits not to exceed $89.93. The award was amended 20 February 1967 allowing additional medical benefits not to exceed $79.-16. A finding and award for medical benefits under the Occupational Disease Act was issued on 2 March 1967 stating that the limit of liability on medical benefits in the sum of $500 had been reached. §§ 23-1241(3), 23-1102(5) A.R.S.

Thereafter, on 16 March 1967, the petitioner filed a petition for hearing in which she alleged for the first time that she had suffered an industrial accident on 8 August 1966. The petitioner's attorney advised the Commission by letter that the accident occurred at the Motorola Plant around 10:00 p. m., "when the flux in the brazier furnace caught fire and burned her hands."

A hearing was held on 23 August 1967 at which time it was stipulated between the parties that the petition filed by the petitioner would be considered as a new claim for injury rather than a petition to reopen the dermatitis claim. This claim was assigned a new claim number. After the hearing, on 6 September 1967, the petitioner filed a Workman's Report of Injury in the new claim alleging that she was burned by solder flux.

The first, or dermatitis claim under the Occupational Disease Act, was disposed of by an award and findings dated 3 June 1968 which became final without protest and is not the subject of this opinion.

The second claim was the subject of the award appealed from dated 17 October 1968 which denied a rehearing and affirmed a previous findings and award for noncompensable claim.

Findings of the Commission are upheld if they are reasonably supported by the evidence. Dunham v. Industrial Commission, 4 Ariz.App. 575, 422 P.2d 406 (1967).

The record before the Commission is, at best, in conflict as to whether there was or was not an industrial accident on or about 8 August 1966. A review of the record in the instant case has convinced this Court that the award and findings of the Commission have reasonable support in the evidence.

The award of the Commission is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.