459 P.2d 749

**Fern D. LEON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**International Metal Products, Division of McGraw Edison Co., Respondent Employer.**

**No. 1 CA–IC 252.**

Court of Appeals of Arizona,
Division 1.

Department A.

Oct. 23, 1969.

Rehearing Denied Nov. 13, 1969.
Review Denied Dec. 23, 1969.

James D. Lester, Phoenix, for petitioner.

Michael A. Lasher, Jr., Former Chief Counsel, Donald L. Cross, Chief Counsel, Phoenix, for respondent, Industrial Commission of Arizona.

Shimmel, Hill & Bishop, by Merton E. Marks, Phoenix, for respondent employer.

STEVENS, Judge.

In this industrially related accident matter, the State Compensation Fund is not a party. The injury in question occurred on 12 July 1963. We are called upon to determine whether the Findings and Award that the petitioner is only entitled to an award of a scheduled classification is reasonably supported by the record or whether the petitioner is entitled to an award of an unscheduled classification.

The Award before us was entered on 22 October 1968. We quote portions of the Award as follows:

FINDINGS

"1. Applicant has been a deaf mute since birth.

"2. Applicant was employed as a punch press operator for the defendant employer from January 30, 1957 until July 12, 1963.

"3. On July 12, 1963, applicant sustained an injury to her left hand arising out of and in the course of her employment.

"4. Applicant's deaf muteness did not detract from or affect her earning power prior to July 12, 1963.

*  *  *  *  *  *

ORDER

"NOW, THEREFOR (sic) IT IS OR-DERED that the Decision Upon Hearing and Findings and Award and Order Pending Determination of Earning Capacity issued on February 10, 1967, be, and the same is hereby rescinded.

"IT IS FURTHER ORDERED that the Decision Upon Rehearing Affirming Previous Findings and Award for Scheduled Permanent Disability issued on July 5, 1966, be, and the same is hereby reinstated."

■ The petitioner had been totally deaf her entire life. Differing from other cases presented to the appellate courts of Arizona, the condition of "prior disability" was not due to an accident sustained by her after birth. In our opinion this fact does not affect the result.

■ The petitioner was born on 19 December 1910. She received seven years of schooling in a State School for the Deaf in a sister state. The petitioner married in 1934, her husband having been deaf since the age of two years. There have been four children born of the marriage all of whom are deaf. Her major means of communication is by the sign language. There is evidence that she has some difficulty with written communications. This fact is not of significance in resolving the limited question before us.

The petitioner's first employment was in 1932 in Tucson, Arizona, as a waitress at the School for the Deaf. Thereafter she was employed in industry from time to time. Her major employment was as a sewing machine operator and as a drill operator. Her employment with the respondent employer is set forth in Finding No. 2 quoted above. At the time of her 1963 injury her work had been satisfactory and she had been paid the prevailing wage for other employees similarly employed during the same period of time. The 1963 injury was an injury to her left, minor, hand. The Commission found that the injury in question resulted in a 50% permanent loss of function of the hand.

The major Arizona cases for our consideration are:

McKinney v. Industrial Commission, 78 Ariz. 264, 278 P.2d 887 (1955);

Goodyear Aircraft Corp. v. Industrial Commission, 89 Ariz. 114, 358 P.2d 715 (1961);

Wollum v. Industrial Commission, 100 Ariz. 317, 414 P.2d 137 (1966); and

Edwards v. Industrial Commission, 3 Ariz.App. 290, 413 P.2d 800 (1966).

In *McKinney* the injured workman, at the age of eight, sustained the loss of a leg. In *Edwards* the injured workman, at the age of 19, sustained the loss of a major arm. In *Goodyear* the injured workman had a prior bilateral loss of hearing and sustained an additional loss of hearing, the sum total of the hearing loss being rated at 10%. In *Wollum* the injured workman had sustained the loss of the tip of his left index finger prior to the industrial accident there in question. In each instance, except in *Goodyear*, the prior "loss" was by accident. The Arizona Supreme Court in *McKinney* and the Court of Appeals in *Edwards* ruled as a matter of law that the prior accidental loss converted the industrial injury from a scheduled to an unscheduled classification. In *Goodyear* and in *Wollum,* the Arizona Supreme Court upheld The Industrial Commission in finding that under the evidence there was no loss of earning capacity arising out of the prior physical problem, that is that the prior physical problem had no effect upon the earning capacity enjoyed by the employee at the time of the industrial injury and the Court upheld The Industrial Commission in its awards for scheduled injuries. In *Wollum,* Mr. Justice Struckmeyer was critical of the opinion of the Arizona Supreme Court in *Goodyear* urging that the statutory principles as analyzed in *McKinney* should have been applied to the accident under consideration in *Goodyear.*

In the light of *Goodyear* and *Wollum,* it is conceivable that in a particular fact situation, even a major prior disability, which if industrially related would be a scheduled disability, might not convert a later scheduled disability to an unscheduled rating. Considering all of the circumstances surrounding the petitioner, in our opinion it is significant that in this matter, as in *McKinney* and *Edwards,* the employment of the injured person can be characterized as manual.

Scheduled injuries are set forth in A.R.S. § 23-1044, subsec. B. The loss of a major hand or the loss of a leg calls for compensation for 50 months. The loss of a major arm or the total loss of hearing calls for compensation for 60 months. The period of 60 months is the largest period set forth in the statutes relating to scheduled injuries.

We have no hesitancy in following *McKinney* and *Edwards* and hold that the industrial injury sustained by the petitioner on 12 July 1963 coupled with her prior total deafness resulted in an unscheduled injury.

The award is set aside.

DONOFRIO, P. J., and CAMERON, J., concur.