461 P.2d 88

Frank Gabriel ESTRADA, Petitioner,

v.

INDUSTRIAL COMMISSION of
Arizona, Respondent,

The Travelers Insurance Company, Respond-
ent Insurance Carrier,

The Anaconda Company, Respond-
ent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 249.

Court of Appeals of Arizona,
Division 1.

Department A.

Nov. 13, 1969.

Rehearing Denied with Opinion Feb. 11, 1970.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Kramer, Roche, Burch, Streich & Cracchiolo, by Robert L. Milam and B. Michael Dann, Phoenix, for respondents The Travelers Insurance Co. and The Anaconda Co.

Robert K. Park, Chief Counsel, Phoenix, for respondent Carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission issued October 15, 1968 affirming the amended findings and award for temporary disability issued

March 12, 1968 which found: (1) that petitioner's complaints of back pain and fatigue were related to his industrial injury, but that that condition did not constitute a permanent physical functional disability; (2) that that condition did not prevent the claimant from engaging in his regular work; and (3) that the claimant did not sustain a permanent disability as a result of his industrial injury of October 12, 1966.

The question before this Court is whether the award and findings of the Industrial Commission are reasonably supported by the evidence.

Petitioner, a heavy equipment operator, was twenty-three years of age on the date of the injury. The injury occurred when a tire on a piece of heavy equipment he was driving blew out, causing injuries to his back, neck and abdomen. Petitioner returned to work on October 23, 1966.

Petitioner was seen in consultation by Dr. R. J. Toll, an orthopedic surgeon, on December 19, 1966. Dr. Toll concluded, after a physical examination and a review of the X rays of the back, that petitioner's continuing symptoms represented a very mild residual of a lumbar strain and a contusion of the left knee. He stated:

"* * * I believe that no further treatment is indicated and these symptoms will clear rather promptly and I believe this case could be closed with zero percent permanent impairment."

The formal hearing was held on July 18, 1967 at which the petitioner's attending physician, Dr. K. B. Brilhart, testified. In his testimony Dr. Brilhart recommended that a repeat set of X rays be taken for comparative purposes to determine whether or not any industrially related disability existed. The recommended X rays were taken by Dr. J. Garland who reported that the comparative studies revealed no change since October 13, 1966. The X rays taken were normal. Based on the medical evidence respondent made the award and findings as previously reported.

The Court of Appeals does not weigh the evidence in determining whether the findings and award of the Industrial Commission in compensation proceedings are reasonably supported by the evidence. Dunham v. Industrial Commission, 4 Ariz. App. 575, 422 P.2d 406 (1967). Rather, it considers the evidence in the light most favorable to sustaining the award. Donaldson v. Industrial Commission, 2 Ariz. App. 172, 407 P.2d 111 (1965). The Industrial Commission is the trier of fact in workmen's compensation cases and unless its conclusion is arbitrary and cannot be supported on any reasonable theory of evidence the reviewing court is bound thereby. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968).

In the instant case, a review of the record before the Commission leads to the conclusion that the award of the Commission was reasonably supported by the evidence. There was medical evidence that the examining doctors found the petitioner suffered no physical functional disability as the result of his accidental injury, and petitioner's own testimony supported the finding that his back pain did not prevent him from engaging in his regular pre-injury work.

Petitioner argues that the Industrial Commission cannot properly enter an award of no disability where there is some residual physical impairment—back pain in this case—even when there is no loss of earning capacity. In support of this argument he cites Russell v. Industrial Commission, 8 Ariz.App. 563, 448 P.2d 407 (1968) in which this Court held that where there was a permanent partial disability, no matter how slight, the Commission should declare it, even if there is no loss of earning capacity. After briefs were filed in the instant case the Arizona Supreme Court vacated that opinion in Russell v. Industrial Commission, 104 Ariz. 548, 456 P.2d 918 (1969). However, because there is considerable confusion in the unscheduled injury cases with terms such as "disability", "physical functional

disability" and "impairment", we feel that a short discussion of these terms is necessary in order to clarify the distinction between the case at bar and Sims v. Industrial Commission, 10 Ariz.App. 574, 460 P.2d 1003 (Filed November 12, 1969) in relation to the res judicata effect of Commission findings and petitions to reopen.

■ A.R.S. § 23–1044, subsec. C, the statute providing for compensation in the "unscheduled" or "odd lot" category, recites: " * * * where the injury causes permanent partial *disability for work* * * *." (Emphasis ours). Here, "disability" refers to industrially related injuries causing loss of earning capacity. Gibson v. Industrial Commission, 68 Ariz. 313, 205 P.2d 588 (1949); Edwards v. Industrial Commission, 3 Ariz.App. 290, 413 P.2d 800 (1966); Sims v. Industrial Commission, supra. A finding of "disability" in this sense is a prerequisite to compensation.

On the other hand, "disability" when used by a physician in the phrase "physical functional disability" must be synonymous with "physical functional impairment", strictly a somatic term, since a physician is not normally competent to testify as to loss of earning capacity, Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160 (1944); Phelps Dodge Corp., Morenci Br. v. Industrial Comm., 90 Ariz. 379, 368 P.2d 450 (1962), which is an essential ingredient of "disability" as used in A.R.S. § 23–1044 subsec. C.

■ In the instant case the Commission found some residual pain related to the industrial injury. However, it did not create any disability for work and thus there could be no award of temporary partial disability under A.R.S. § 23–1044, subsec. A because the workmen's compensation laws do not provide for compensation for mere pain and suffering. Shaw

v. Salt River Valley Water Users' Ass'n, 69 Ariz. 309, 213 P.2d 378 (1950). In addition, there could not be a finding of permanent partial disability because, (1) Dr. Toll's conclusion supported a finding of no permanent physical impairment, and (2) there was no loss of earning capacity.

Thus, in this case, the petitioner may reopen only on a showing of change in physical condition which results in loss of earning capacity. This is a just result since if the petitioner is able to perform the work he was doing at the time of injury with no loss of earning capacity, it necessarily follows that he will be able to perform that work in the future unless there is a change in physical condition.

In the Sims case, on the other hand, there was a stationary physical impairment which prevented petitioner from doing the work he was employed in at the time of the injury, but a finding of no disability for purposes of compensation under A.R.S. § 23–1044, subsec. C was entered because he changed jobs and suffered no loss of earning capacity. Under those conditions it would not be necessary to show a change in physical condition in order to reopen, but merely a loss of earning capacity resulting from the previously existing impairment, since the finding of no disability was based solely on the finding of no loss of earning capacity.

Affirmed.

CAMERON, J., and THOMAS TANG, Judge of Superior Court, concur.

NOTE: Judge HENRY S. STEVENS, having requested that he be relieved from consideration of this matter, Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.