464 P.2d 972

**Stanley SIMS, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Continental Exploration, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 228.**

Court of Appeals of Arizona,
Division 1,
Department A.
Feb. 11, 1970.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for respondent Carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

The motion for rehearing filed by the respondent Industrial Commission of Arizona, together with the objections to the motion filed thereto, have been considered by the Court and we feel that the original opinion of the Court, Sims v. Industrial Commission, 10 Ariz.App. 574, 460 P.2d 1003, filed November 12, 1969, contains language which is somewhat misleading and which must be corrected. The statement of facts contained in the original opinion is correct and will not be repeated here.

In the prior opinion this Court reached the conclusion that the evidence indicated the petitioner had a residual physical impairment of the lower back resulting from an industrially related accident; that the condition had become stationary and required no further medical treatment. The Court then posed the question: "Under these facts can the Industrial Commission lawfully find no disability?" Having reached the determination that the evidence was such that reasonable men could reach only one conclusion from it, namely, that the petitioner suffered physical impairment as a result of his industrial

injury, it was incumbent upon this Court to set the award aside. When evidence before the Industrial Commission is such that the only reasonable interpretation of it is one that leads to a conclusion different from the one reached by the Commission, the reviewing court has no alternative but to set the award aside. Lugar v. Industrial Commission, 9 Ariz.App. 44, 449 P.2d 61 (1968). In our former opinion the Court went further, however, and stated:

> "* * * Thus, in determining that the claimant does not have an unscheduled disability the Commission must have found either, (1) that the claimant no longer suffers from an industrially related physical impairment—a conclusion that we have already negated, or (2) that the injury has not caused a loss of general earning power. * * *"

A reading of this statement might lead to the conclusion that a petition to reopen an industrial claim based on loss of earning capacity alone might be proper where there has been no prior determination of a permanent disability for work. (A closer reading of the opinion would reveal that its holding that a petition to reopen would lie was in fact based on its conclusion that there was a permanent disability for work.)

A.R.S. § 23–1044, subsec. C which refers to injuries not contemplated in the schedule set forth in subsection B requires that there be "permanent partial disability for work resulting from the injury" which entitles an employee to compensation based upon loss of earning capacity. A reading of subsection C and the cases of Hoffman v. Brophy, 61 Ariz. 307, 149 P.2d 160 (1944) (25% general physical functional disability) and Williams v. Industrial Commission, 73 Ariz. 57, 237 P.2d 471 (1951) (35% general physical functional disability) makes it clear that the Commission must make a determination that the petitioner has suffered an industrially related permanent physical or mental impairment or loss of function for work. Only then does the Commission arrive at the question of whether or not the disability for work causes a loss of earning capacity. Also,

only then is the petitioner entitled to reopen his claim solely on the basis of a change in earning capacity. Insofar as the original opinion implies that petitioner may seek a reopening solely on the basis of a change in earning capacity without a prior determination of an industrially related physical or mental disability, the prior opinion is amended.

The award, not being substantiated by reasonable medical evidence on the finding of no permanent physical disability, is set aside and the motion for rehearing is denied.

CAMERON, J., and THOMAS TANG, Judge of Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.