464 P.2d 973

Frank Gabriel ESTRADA, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

The Travelers Insurance Company, Respondent Insurance Carrier,

The Anaconda Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 249.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 11, 1970.

Strickland, Altaffer, Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Kramer, Roche, Burch, Streich & Cracchiolo by Robert L. Milam and B. Michael Dann, Phoenix, for respondents The Travelers Insurance Co. and The Anaconda Co.

Robert K. Park, Chief Counsel, Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

Our opinion in this case, Estrada v. Industrial Commission, 10 Ariz.App. 580, 461 P.2d 88, was filed November 13, 1969. Motions for rehearing and objections thereto have been considered by this Court.

We feel that the opinion contained the same misleading statements as originally set forth in Sims v. Industrial Commission, 10 Ariz.App. 574, 460 P.2d 1003 (1969), which opinion we have modified this day in the opinion upon rehearing, Sims v. Industrial Commission, 11 Ariz.App. 385, 464 P.2d 972 (1969). In this case we feel that the Commission correctly determined

from the evidence before it that the petitioner did not suffer a permanent disability as a result of the industrial injury at the time of the award. Thus, petitioner in this case in the future in order to reopen his case pursuant to § 23–1044, subsec. C must show that he suffers a new, additional, or previously undiscovered disability related to his industrial injury. With this correction, the decision of the Court in the case of Estrada v. Industrial Commission, supra, is affirmed and the motion for rehearing denied.

CAMERON, J., and TANG, Judge of Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.