482 P.2d 889

George O. **HEIDLER**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

O'Reilly Motor Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 528.

Court of Appeals of Arizona, Division 1, Department A.

March 24, 1971.

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

William C. Wahl, Jr., Counsel The Industrial Comm. of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel by Dee-Dee Samet, State Compensation Fund, Phoenix, for respondent carrier.

---

DONOFRIO, Judge.

This is a writ of certiorari to review the lawfulness of an award of The Industrial Commission of Arizona which found that petitioner has no physical or mental disability resulting from an industrial accident, although it found that petitioner did sustain a physical functional impairment from such accident. The appeal involves the wording of the award.

Petitioner, an automobile service maintenance man, was injured on February 27, 1967, by a slip-and-fall-accident while working. The claim was accepted for benefits. Because of the issue involved we deem it unnecessary to go into much of the history except to say that his problems involved his back and sexual impotency.

At the time of the formal hearing upon which the instant award was based, petitioner's condition was stationary and he had returned to work, but remained sexually impotent. He had no loss of earning capacity due to this impairment. It is also to be noted that an orthopedist found no permanent physical disability of the back, and that a psychiatrist who testified did not consider petitioner's back pain a psychiatric disability or a conversion reaction. The psychiatrist further stated that petitioner's only psychiatric problem was impotence but that it did not prevent him from doing his regular work.

The pertinent findings of the Commission, which are findings No. 7 and 8, read:

"7. That as a result of the industrial injury of February 27, 1967, the applicant has sustained a physical functional impairment, to wit, sexual impotence, which does not constitute a disability within the meaning of the Workmen's Compensation Act.

"8. That the applicant has no physical or mental disability resulting from said accident."

■ The issue to be determined is whether, when the only residual of an industrial injury is impotence not affecting petitioner's earning capacity the Commission was correct in finding that petitioner had a physical functional impairment and yet had no permanent disability within the meaning of the Workmen's Compensation Law.

■ We believe it conducive to clarity to state at the outset our decision with reference to the wording of the award. First, we find it extremely unlikely that sexual impotence alone could result in a loss of earning capacity. Since there is no loss of earning capacity causally related to the condition, a fact established by the record, and since in all probability there would never be a loss of earning capacity in the future stemming from the condition itself, we find that finding 7, supra, is correctly worded. For like reasons, when the term "disability" is used to measure the capacity or incapacity of the employee to earn wages he was receiving at the time of injury, or the loss of the ability to earn wages in the same or any other employment in the future, we likewise can see no error in the wording of finding 8, supra. See Standard Acc. Ins. Co. v. Industrial Commission, 66 Ariz. 247, 186 P.2d 951 (1947); Hyett v. Northwestern Hospital for Women and Children, 147 Minn. 413, 180 N.W. 552 (1920); Imrich v. Industrial Commission, 13 Ariz.App. 155, 474 P.2d 874 (1970); Olive v. Industrial Commission, 52 Ariz. 460, 83 P.2d 784 (1938); 2 A. Larson, The Law of Workmen's Compensation § 65.20.

Petitioner urges error in that under the authority of Adkins v. Industrial Commission, 95 Ariz. 239, 389 P.2d 118 (1964), a finding of physical functional impairment without the finding of physical functional disability is not sufficient to permit him to reopen his case in the event he has a future loss of earning capacity attributable to the impairment. To support this contention he argues in effect that this Court in Sims v. Industrial Commission, 10 Ariz. App. 574, 460 P.2d 1003 (1969). Supplemental Opinion, 11 Ariz. App. 385, 464 P.2d 972 (1970), inferred that the Commission

in its findings must also use the word "disability" in addition to the word "impairment" whether there is or is not a loss of earning capacity before a claimant may reopen.

Although we may have used confusing language in our first Sims opinion, we attempted to clarify and correct it in the supplemental opinion. We cannot agree with petitioner's view as to the meaning of Adkins and Sims with respect to the instant case. In Adkins our Supreme Court, in interpreting A.R.S. § 23–1044, subsec. F, said:

> "This section requires that when the physical condition of an injured employee becomes stationary the Commission shall determine the amount which represents his reduced earning capacity and permits a change thereof only in the event that there has been a change in the physical condition of the injured employee." 95 Ariz. 239 at 244, 389 P.2d 118 at 121.

The Court is clear in stating that when the physical condition of the injured employee becomes stationary the Commission must determine the amount which represents his "reduced" earning capacity. In the instant case there was no "reduced" earning capacity involved in his physical condition (sexual impotence). True, the Court went on to say that there can be a change thereof only in the event there has been a change in the physical condition of the employee. Again, we cannot see how this adversely affects petitioner's situation as his physical condition (impotence) is total, and it is difficult to visualize that there will be a change to make it worse. In either event the condition has no effect on petitioner's earning capacity.

A further question arises. Should medical evidence in the future show that there is a change in the physical or mental condition of petitioner attributable to the industrial injury resulting in a loss of earning power, is the petitioner foreclosed from obtaining benefits? We believe not.

The answer to the question is that the findings and award of the Commission def-

initely ascertained and decided as a fact that petitioner has a physical impairment as a result of the industrial accident, and whether it was called an impairment or a disability if at a later time any loss of earning capacity resulted from this fact (physical condition), then the petitioner would be entitled to reopen.

We believe that the Commission, having found as a fact the existence of the physical impairment, has established that factual finding sufficiently to permit the reopening of petitioner's case in the event there is a loss of earning capacity. The award is reasonably supported by the evidence.

Affirmed.

STEVENS, P. J., and CASE, J., concur.