502 P.2d 185

**Thell W. CLARK, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Peter Kiewit Sons' Company, Respondent Employer,**

**Aetna Casualty & Surety Company, Respondent Carrier.**

**No. 1 CA–IC 667.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 26, 1972.

Charles M. Wilmer, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Shimmel, Hill & Bishop, P. C., by Merton E. Marks, Phoenix, for respondent carrier and respondent employer.

STEVENS, Presiding Judge.

On 13 October 1969 Thell W. Clark, herein referred to as the petitioner, experienced an industrially related accident when he fell and sustained a compression fracture of his first lumbar vertebra. Eventually he returned to his original or similar employment which he was able to successfully pursue at the regular wage scale. The petitioner testified as to some limitation of his physical activity and as to pain.

After timely procedural steps a hearing was held at which two orthopedic specialists, William A. Bishop, Jr., M.D., and Melvyn L. Goldsmith, M.D., testified. Doctor Bishop testified that as a residual of the accident "the laterial view [of the X-ray] reveals there is approximately a 25 per cent compression of the anterior surface" of the injured vertebra. Doctor Bishop stated that the accident "did deform the vertebra" and that the condition was permanent. The doctor anticipated that the petitioner would have some pain and some discomfort in the future. The contemplated period of discomfort was not established nor was it established whether the discomfort might or might not change in degree. The doctor expressed the opinion that the petitioner did not sustain a working disability. Doctor Goldsmith's examination and testimony were in substantial agreement with that of Dr. Bishop.

We quote from the findings contained in the award of the hearing officer.

" * * * that the medical testimony of orthopedists Dr. Bishop and Dr. Goldsmith, establishes that although applicant does have a minimal medical impairment (permanently compressed L–1 vertebra) which could reasonably, under certain conditions, produce some discomfort, said condition does not constitute a physical *functional* impairment, or functional disability at the present time (Russell v. Industrial Commission of Arizona (1969), 104 Ariz. 548, 456 P.2d 918; Cramer v. Industrial Commission of Arizona, supra [13 Ariz.App. 103, 474 P.2d 462 (1970)]; Bedwell [Bedel] v. Industrial Commission of Arizona (1967), 5 Ariz.App. 470, 428 P.2d 134, Re: 'disability'); that should said condition ultimately worsen, applicant has reopening rights (A.R.S. 23–1061H; see also Estrada v. Industrial Commission of Arizona (1969), 10 Ariz. App. 580, 461 P.2d 88, as modified, Estrada v. Industrial Commission of Arizona (1970), 11 Ariz.App. 385 [386], 464 P.2d 973); that applicant has no physical or mental functional impairment or disability attributable to, or causally related to, the subject episode." (Emphasis theirs).

The Industrial Commission, on review, affirmed the hearing officer's award and the matter was brought to this Court for review.

The petitioner urges that the finding of "no functional impairment or functional disability *at the present time*" (Emphasis added), would possibly preclude a reopening should the petitioner later sustain a loss of earning capacity causally related to the accident. We cannot prejudge the future. The hearing officer's observation "that should said condition ultimately worsen, applicant has reopening rights" is a sincere effort to leave the door open and at the same time follow the medical evidence which was presented to him. In addition to the cases cited by the hearing officer on the matter of reopening, see also Heidler v. Industrial Commission of Arizona, 14 Ariz.App. 280, 482 P.2d 889 (1971).

Every anatomical change causally related to an industrial accident does not necessarily require an award finding a present physical functional impairment nor does the lack of a finding of a present physical functional impairment necessarily preclude a future reopening.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.