595 P.2d 1038

**Fred MILLER, Jr., Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Anadite, Inc., Respondent Employer,**

**The Travelers Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 1950.**

Court of Appeals of Arizona, Division 1, Department C.

April 10, 1979.

Rehearing Denied May 16, 1979.

Review Denied June 5, 1979.

Davis & Eppstein, P. C., by Robert W. Eppstein, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C., by Lawrence H. Lieberman, Phoenix, for respondent employer and respondent carrier.

---

## OPINION

HAIRE, Judge.

The issue in this workmen's compensation case, as framed by petitioner Fred Miller, Jr., is whether the preexisting condition of being black, illiterate, and of marginal intelligence is an earning capacity disability that will convert a scheduled 10% impairment of the leg into an unscheduled disability.

Petitioner injured his right leg in a compensable accident while employed by Anadite, Inc., respondent employer. Surgery was performed on petitioner's right knee and his benefits were eventually terminated by the carrier with a scheduled disability award for a 10% impairment of the leg. Petitioner protested the notice of claim status by which his claim had been closed, arguing that he had a continuing psychiatric disability or that the above-mentioned preexisting condition required conversion of what would have been a scheduled disability into an unscheduled disability. Following hearings on the matter the hearing officer issued the award challenged herein, finding that petitioner's disability was limited to the 10% impairment of the right leg and awarding scheduled benefits as provided by A.R.S. § 23–1044 B.

Petitioner bases his previous disability argument on *Alsbrooks v. Industrial Commission*, 118 Ariz. 480, 578 P.2d 159 (1978). In *Alsbrooks* the Arizona Supreme Court interpreted A.R.S. § 23–1044 E and held that where an employee suffers from a preexisting earning capacity disability, a subsequent injury that would otherwise be treated as scheduled will be converted into an unscheduled injury for purposes of determining the employee's entitlement to permanent disability benefits. The Court in *Alsbrooks* appears to have assumed that the earning capacity disability would be the result of a previous injury. A previous *injury* is, however, apparently not a necessary prerequisite to converting a scheduled injury into an unscheduled injury. In *Leon v. Industrial Commission*, 10 Ariz.App. 470, 459 P.2d 749 (1969) this Court held that a preexisting condition of deafness that had existed from birth was a sufficient disability to convert an injury to the hand, which would have been scheduled, into an unscheduled disability.

It is clear that the status of being black, illiterate, and of marginal intelligence did not result from a previous injury. Assuming *arguendo* that it is a status resulting in a lessened ability to earn, i. e., an earning capacity disability, we are nonetheless of the opinion that petitioner's attempt to have his 10% impairment of the leg converted into an unscheduled disability must fail. In order for an earning capacity disability to operate to convert a later scheduled disability into unscheduled, the earning capacity disability must be one that would have been cognizable under our workmen's compensation statute had it resulted from an industrial accident. The status type of disability claimed by petitioner can never be the result of an industrial injury. For that reason it would be a gross perversion of the legislative and judicial intent evidenced in the statutes and case law of Arizona to allow a "disability" of the sort claimed by petitioner to convert his leg impairment into an unscheduled disability.

Petitioner also alleges that the evidence does not support the hearing officer's finding that he does not suffer from a psychiatric disability causally related to the injury in question. We have reviewed the record and find reasonable support for the hearing officer's finding in the testimony of Jacob Hoogerbeets, M.D., a psychiatrist from the University of Arizona.

The award is affirmed.

EUBANK, P. J., and FROEB, J., concur.